[Crim. No. 6997. In Bank. Apr. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LEE ROY TIDEMAN, Defendant and Appellant.

Martin N. Pulich, Public Defender, John D. Nunes, Chief Assistant Public Defender, and Spencer W. Strellis, Assistant Public Defender, for Defendant and Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith, Assistant Attorney General, John S. McInerny and Albert W. Harris, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

SCHAUER, J.—Defendant appeals from a judgment of conviction of second degree murder entered pursuant to a jury verdict, and from an order denying his motion for new trial.

By information defendant was charged in Count I with

illegal abortion (violation of Pen. Code, § 274) and in Count II with murder (violation of Pen. Code, § 187), each offense allegedly having been committed on the same date and against the same victim. On arraignment defendant pleaded not guilty to both counts. When the cause came on for trial defendant moved to withdraw his plea of not guilty to Count I (abortion). The motion was granted. Defendant then pleaded guilty to the abortion charge and immediately added the plea of once in jeopardy to his not guilty plea under Count II (murder). The trial court did not pronounce sentence and, *a fortiori*, defendant was not punished, on the plea of guilty to Count I. Rather, as was proper at that stage of the prosecution, the court referred the matter to the probation officer for investigation and report, and proceeded with the trial of the issues joined on Count II. At the conclusion of the evidence, but before argument, the court ruled that in the circumstances the plea of once in jeopardy presented only an issue of law, and would not be submitted to the jury. As to Count II, the jury returned a verdict of guilty of murder in the second degree. Thereafter, at the time set for sentence, the court denied defendant's motion for new trial, set aside his plea of guilty to Count I, dismissed that count, and sentenced defendant on the verdict under Count II for the term prescribed by law. This procedure was correct and the judgment should be affirmed.

There is no contention that the evidence[1] does not support the verdict of guilty of the murder alleged in Count II. Reversal is urged solely on the contention that since (as appears from the evidence, but not from the pleadings) both crimes were committed by a single criminal act, defendant's plea of guilty to Count I placed him in jeopardy[2] with regard to

---

[1]The evidence shows that on April 21, 1960, by prearrangement, Kay Beverly Strelow went to the Oakland apartment of one Edwin Stafford (named in the information as a codefendant) for an abortion. There she met Stafford and defendant. Defendant attempted to perform an abortion while Stafford remained in another room. Shortly thereafter, the victim died as a result of an air embolism in the wall of her uterus. Defendant admitted employing an instrument to bring about an abortion, but he denied responsibility for the death; he testified that the victim was already aborting at the time of his operation. Although there was evidence of an allegedly self-inflicted puncture or laceration of the cervix, the pathologist who performed the autopsy testified that this laceration was insignificant, and that it was highly improbable that the wound which caused the death was self-inflicted.

[2]As will be hereinafter emphasized this contention is patently erroneous in that it intermingles and confuses the doctrine of jeopardy (Pen. Code, § 1023, which under no circumstances is applicable to different

Count II, and that the prosecution on the murder charge should have been barred on his plea of once in jeopardy. More specifically defendant asserts that his plea of guilty to the abortion charge constituted conviction of a lesser crime necessarily included in the offense charged in Count II and that he had, therefore, been once placed in jeopardy as to the murder charge. Under long established—but not always consistently followed—law, as hereinafter pointed out, these contentions are without merit.

█ In order to resolve the issues presented and, we hope, to clear away certain confusions which have led to defendant's arguments,[3] we need to emphasize two fundamentals: (1) The statutory rules of pleading and procedure in criminal actions today are not only different from, but in certain aspects are contraversions of, those which existed under the Practice Act of 1851 and even under the Penal Code prior to the amendments of 1915 and 1927. █ (2) The jeopardy doctrine on the one hand (U. S. Const., Amend. V; Cal. Const., art. I, § 13; implemented by Pen. Code, § 1023) and the multiple punishment preclusion on the other (Pen. Code, § 654) are neither identical shields nor (properly applied) do they overlap. They have different origins. Each rests on a different base, has a different objective and performs a different function. If confusion is to be avoided it is important that the two not be intermingled.

█ To begin with it is to be noted that in California since not later than 1927 (and probably since 1915) "no plea of double jeopardy can properly be made where the defendant is tried but once." (*People* v. *Brown* (1958) 49 Cal.2d 577, 592 [320 P.2d 5]; see also, e.g., *People* v. *Amick* (1942) 20 Cal.2d 247, 251 [125 P.2d 25]; *People* v. *Day* (1926) 199 Cal. 78, 83 [248 P. 250]; *People* v. *Horowitz* (1933) 131 Cal.App. Supp. 791, 793-794 [1, 2] [19 P.2d 874].) █ As is hereinafter shown a defendant is tried but once when he is subjected to only one prosecution; i.e., to but one criminal action although under modern rules of pleading and procedure that prosecution may be for different offenses, or different state-

counts in one prosecution) with prohibition of multiple punishments for one act (Pen. Code, § 654, which can apply if sentence has been imposed and punishment has started).

[3]See e.g., the pertinent observation of Mr. Justice (then Presiding Justice) Peters in *People* v. *Krupa* (1944) 64 Cal.App.2d 592, 597 [2] [149 P.2d 416], ''The statements of the law applicable to the doctrine of double jeopardy are by no means clear, and in some respects inconsistent.''

ments of the same offense, either alleged as separate counts of one accusatory pleading or in separate accusatory pleadings consolidated for trial. (Pen. Code, § 954.) Because the current rules of pleading and procedure in criminal cases differ so markedly from those which existed when some of the cases directly or indirectly relied on by defendant were decided it is necessary to sharply point up the statutory changes.

As of the present time, with exceptions not here material, "Every public offense must be prosecuted by indictment or information" (Pen. Code, § 682). The "prosecution" (or criminal action) is defined as "The proceeding by which a party charged with a public offense is accused and brought to trial *and* punishment." (Pen. Code, § 683; italics added.) ▮ The prosecution (with the exceptions not here material) commences when the indictment or information is filed in the superior court and normally continues until (as to each and every count) the accused is "brought to trial and punishment" or is acquitted.

Originally in California both under the Practice Act and the Penal Code the accusatory pleading could charge but one offense,[4] and that limitation (insofar as it precludes the ob-

---

[4] *Under the Practice Act (Compiled Laws of California) (1850-1852):*
"Sec. 236. The first pleading on the part of the People is the indictment. . . .
"Sec. 241. The indictment shall charge but one offense, but it may set forth that offense in different forms under different counts. . . .
"Sec. 287. The only pleading on the part of the defendant is either a demurrer or a plea. . . .
"Sec. 298. There are three kinds of pleas to an indictment. A plea of—First: Guilty. Second: Not guilty. Third: A former judgment of conviction or acquittal of the offense charged. . . .
"Sec. 300. The plea shall be entered in substantially the following form: . . . Third: If he plead a former acquittal or conviction, 'the defendant pleads that he has already been convicted (or acquitted as the case may be) . . . by the judgment of the court of _____ (naming it) rendered at _____ (naming the place) on the _____ day of _____ . . . .'
"Sec. 302. The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted. . . .
"Sec. 305. If the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, or upon an objection to the form or substance of the indictment, it shall not be deemed an acquittal of the same offense. . . .
"Sec. 307. When the defendant shall have been convicted or acquitted upon an indictment, the conviction or acquittal shall be a bar to another indictment for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment, as provided in section four-hundred and twenty-four. . . .
"Sec. 424. In all cases the defendant may be found guilty of any

taining of either separately or alternatively punishable convictions for different crimes charged in one indictment) was maintained until 1915.[5] That rule, of course, was important as to the attachment of jeopardy in decisions of the pre-1915 era, and unfortunately, has sometimes had confusing effect in later cases.

In 1915, however, section 954 was amended to, for the first time in this state, not only authorize the charging in one indictment or information of "two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes . . . under separate counts" but also the consolidation for trial of two or more accusatory pleadings separately charging such offenses. The 1915 (and current in this respect) statute furthermore declares that "The prosecution is not required to elect between the different offenses or counts . . . [and] the defendant *may be convicted* of [n.b.: this does *not* say *punished* for] any number of the offenses charged . . . ." (Italics added.) (Stats. 1915, p. 744.) In 1927 the Legislature augmented this renaissance of pleading and procedure in criminal actions by adding the following sentence to section 954: "A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." (Stats. 1927, p. 1042.) Finally, in 1951, the words "accusatory pleading" were substituted as more

offense, the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense charged."

*Under the Codes:*

Section 954 of the Penal Code as enacted in 1872 provided that "The indictment must charge but one offense, and in one form only, except that when the offense may be committed by the use of different means, the indictment may allege the means in the alternative."

[5]It is noted that in 1905 (Stats. 1905, p. 772) section 954 was amended to read "The indictment or information [the alternative procedure by way of information was authorized in article I, section 8 of the 1879 Constitution as a revision of the same article and section numbers of the Constitution of 1849] may charge different offenses, or different statements of the same offense, under separate counts, but they must all relate to the same act, transaction, or event, and charges of offenses occurring at different and distinct times and places must not be joined. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, *but the defendant can be convicted of but one of the offenses charged,* and the same must be stated in the verdict." (Italics added.) Obviously the section as above worded does not authorize prosecution (as including conviction, sentence and punishment) for more than one offense charged in one indictment or information.

briefly inclusive of the words "indictment," "information," and "complaint" and, apparently to preclude any uncertainty as to legislative intent, the last sentence was amended to read "An acquittal of one or more counts shall not be deemed an acquittal of any other count." (Stats. 1951, pp. 3836-3837.) The Legislature thus made altogether clear that under current criminal trial procedure, as observed in *People* v. *Chessman* (1951) 38 Cal.2d 166, 193 [33-35] [238 P.2d 1001], "The doctrine of double jeopardy has no application [in a single criminal action] to a defendant who is tried but once on several counts."[6] Section 954 in this respect has "conclusive force." (*People* v. *Codina* (1947) 30 Cal.2d 356, 360-361 [3] [181 P.2d 881]; see also, e.g., *People* v. *Nye* (1951) 38 Cal.2d 34, 39 [6] [237 P.2d 1]; *People* v. *Amick* (1942), *supra*, 20 Cal.2d 247, 249-254 [1].)

The prosecution of the criminal action against defendant in the case at bench commenced with the filing of the information. By the terms of the definitive statutes (Pen. Code, §§ 683, 954) that criminal action is a single prosecution and it may continue until the accused is brought to both trial and *punishment* on, or other complete and final disposition is made of, all charges pleaded. We reiterate: By the specific terms of the last sentence of section 954 "An acquittal of one or more counts shall not be deemed an acquittal of any other count." Neither can a plea of guilty as to one count bar conviction as to another count *in the same prosecution* for (as above quoted) "the defendant may be convicted of any number of the offenses charged." This is technically true even though the authorization to "charge two or more different offenses connected together in their commission" may be availed of by the prosecutor to plead in separate counts (however unnecessarily) offenses which are necessarily included in other offenses separately pleaded. This does not mean that a person can be *punished*—nor should he ordinarily be convicted or sentenced—separately for both the greater and the included offense. To punish him separately for such offenses would not involve any question of prior jeopardy but

---

[6]Failure to give effect to Penal Code section 954 as amended in 1915 and later, and failing to distinguish between the respective functions of Penal Code sections 1023 (jeopardy) and 654 (preclusion of multiple punishments for a single act) have led to inappropriate or inaccurate discussions or holdings in some of the cases which, of course, must be deemed disapproved insofar as they are inconsistent with the relevant code sections as now constituted or with the rulings herein declared.

would violate Penal Code section 654. But each charge separately pleaded—both the greater and the less—must be separately disposed of by the jury or court. Hence, if the defendant be convicted of the greater, he should be "acquitted" on any count of the accusatory pleading charging the lesser. And certainly such "acquittal" should not operate to vitiate his conviction and sentence for the greater. If he has been convicted and separately sentenced for both offenses, and if conviction of the greater is sustained, the defendant still need not be prejudiced by such overlapping sentences; any reviewing court meeting that situation can and should direct that the sentence for the included offense is as a matter of law merged in the sentence for the greater. However, in the circumstance assumed, reversal or vacation of the sentence for the included offense, and dismissal of the count charging that offense, whether by the trial court or an appellate court, would not affect the integrity of the conviction and sentence for the greater.

The above noted procedural changes (by the statutes of 1915, 1927 and 1951) do not deprive any person of the protection ordained by California Constitution, article I, section 13, against repeated harassment on a charge for which he has previously been in jeopardy. Indeed, as appears from comparison of the forms and systems of pleading and procedure as they were constituted under the Practice Act and as they exist today it seems that there is less likelihood now of harassment of a defendant by being required to make repeated appearances because of technical deficiencies of an indictment than there was then. By way of example, it may be mentioned, the Practice Act provided that (§ 305) "If the defendant were formerly acquitted on the ground of a variance between the indictment and the proof, or upon an objection to the form or substance of the indictment, it shall not be deemed an acquittal of the same offense."

Today the constitutional provision against being placed in second jeopardy is implemented by Penal Code section 1023. (See *People* v. *Kehoe* (1949) 33 Cal.2d 711, 713 [1] [204 P.2d 321]; see also *People* v. *Greer* (1947) 30 Cal.2d 589, 596-597 [4, 5, 6] [184 P.2d 512].) That section provides: "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to *another prosecution* for the offense *charged in such accusatory pleading,* or for an attempt to commit the same, or for an offense *necessarily included*

*therein,* of which he might have been convicted under *that* accusatory pleading.'' (Italics added.)

 It is our duty to construe sections 1023 and 954 together so as to give effect to both. (Pen. Code, § 4.) In this connection we must recognize that 1023 is specific in declaring that the former conviction, acquittal or jeopardy is a bar to *"another prosecution."* We would drastically relocate the bar if we should apply it to defeat *another count* in the *same prosecution.* To so do would not only enlarge the reach of 1023 but would also strike down clear language of 954. Furthermore, section 1023 is likewise specific in making the bar of former jeopardy applicable in ''another prosecution'' only to ''the offense charged'' in the original ''accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that [the original] accusatory pleading.''

 From the foregoing language of section 1023, read together with section 954, at least one rule appears certain: In a single criminal action (pleading any number of counts), no plea of guilty to, or order of dismissal or acquittal of, any separately pleaded offenses, included or otherwise, will bar the progress of that prosecution as to the other counts. The prosecution on such other counts may continue until each, on its own merits, has been severally and finally disposed of by bringing the defendant to conviction and sentence or to acquittal.

 When the language of section 1023 is laid down alongside the language of Counts I and II of the information[7] in the case before us it is immediately apparent that neither of the offenses charged is necessarily, or even possibly can

---

[7]The two counts of the information read as follows:

''The District Attorney of the County of Alameda hereby accuses LEE TIDEMAN and EDWIN STAFFORD of a felony, to wit: a violation of Section 274 of the Penal Code of the State of California, in that on or about the 21st day of April, 1960, in the County of Alameda, State of California, they did unlawfully employ an instrument and other means upon the person of a woman, to wit: KAY BEVERLY STRELOW, with intent thereby to procure the miscarriage of said KAY BEVERLY STRELOW, the same not being then and there necessary to preserve her life.

''SECOND COUNT

''And the said LEE TIDEMAN and EDWIN STAFFORD are further accused by the District Attorney of the County of Alameda, by this second count of this Information, of a felony, to wit: Murder of the Second Degree a violation of Section 187 of the Penal Code of the State of California, in that on or about the 21st day of April, 1960, in the County of Alameda, State of California, they murdered KAY BEVERLY STRELOW, a human being.''

be, included in the other. This is true whether we use as a yardstick the statutory definitions of the respective offenses (Pen. Code, §§ 274, 187) or the specific averments of the respective counts. (*People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].) Each offense has its own distinct and essential elements. Furthermore, it is obvious that we do not have "*another*" prosecution for any offense; we have only the one criminal action—a single prosecution. During the pendency of that prosecution the jeopardy bar does not arise as to any count by reason of the disposition of any other count. The plea of former jeopardy, therefore, is not sustainable in the case at bench. However, the information separately states two offenses which the evidence shows were committed by a single act, and this leads to another area of the law—preclusion of multiple punishments for a single act. (Pen. Code, § 654.)

Defendant is manifestly mistaken in his contention that "the question here is solely a question of once in jeopardy under Section 1023 P.C., and not a question of double punishment under Section 654 P.C." To the contrary, this is precisely the type of case in which Penal Code section 654[8]—and not section 1023—operates to protect the accused against double punishment for a single act. Here, defendant has received its full protection. His single act was intended to unlawfully abort the victim. He admitted that fact by his plea of guilty. But that act also, it appears from the evidence, caused the victim's death. Thus defendant's criminal act is exactly that which calls for application of section 654: "An act . . . which is made punishable in different ways by different provisions of this code [§§ 274, 187] [and which] may be punished under either of such provisions, but in no case . . . under more than one. . . ." It is the foregoing language which controls here, and to that language the trial court has given full effect. The next clause of section 654 ("[A]n acquittal or conviction and sentence under either . . . [of the violated provisions] bars a prosecution for the same act . . . under any other [provision]") has no application to the facts of this case. It has no possible application here for at least

---

[8]Penal Code section 654 reads in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction *and sentence* under either one bars a prosecution for the same act or omission under any other. . . ." (Italics added.)

two reasons, each of which is independently compelling: (1) As has been shown, there has been but one prosecution; i.e., a single criminal action. (2) The trial judge wisely did not pronounce sentence on the plea of guilty to Count I. Until sentence was pronounced for the murder as charged in Count II there had been neither an acquittal of either charge nor a "conviction and sentence" under either;[9] and, manifestly, no punishment for either. (See *People* v. *Thomas* (1959) 52 Cal.2d 521 [342 P.2d 889] as to when punishment starts and the "prosecution" ends.)

By prohibiting multiple punishments for a single criminal act Penal Code section 654 affords protection beyond and different from that given by either the constitutional proscription of subsequent jeopardy or the implementation of that doctrine by Penal Code section 1023. As has already been shown the defense of former jeopardy was not available to the defendant in the circumstances of this case. Insofar as concerns the jeopardy doctrine he could have been tried and convicted and sentenced and punished on both counts of the information. (*People* v. *Coltrin*[10] (1936) 5 Cal.2d 649, 659-663 [10-15] [55 P.2d 1161].) "The purpose of the constitutional provision against double jeopardy [and of § 1023] is to prevent repeated harassment of a defendant upon a charge of the same offense." (*People* v. *Valenti* (1957) 49 Cal.2d 199, 209 [12] [316 P.2d 633].) Here, as already noted, the charges of abortion and murder are obviously different offenses entailing different elements. Furthermore, neither offense was included in the charge of the other;

[9]The reporter's transcript shows that the trial court was familiar with and properly followed *People* v. *Brown* (1958) 49 Cal.2d 577 [320 P.2d 5]. The plea of guilty to the abortion count was entered at the beginning of the trial on September 12, 1960; the verdict of guilty as charged in Count II (murder, second degree) was returned on September 15, 1960, and on October 6, 1960, the matter came on for consideration of the report of the probation officer, and for sentence. The court then set aside the plea of guilty to, and dismissed, Count I. The court ruled: "[A]s I view it, it is an indivisible act for which he cannot be doubly punished, . . . [I]n sentencing him, as I view the *Brown* case, I cannot sentence him on both the first and the second count, and therefore his plea of guilty to the first count is set aside, and the count one is dismissed, . . . What they [the Supreme Court] did there [in *People* v. *Brown*] was simply say that you couldn't doubly punish a man for one indivisible act, that when a person performs an illegal abortion and the abortee dies as a result . . . it is an indivisible act and you can't punish them both for abortion and murder. But they are nevertheless guilty of both offenses."

[10]Overruled, as to its failure to give effect to Penal Code, § 654, in *People* v. *Brown* (1958), *supra*, 49 Cal.2d 577, 592-593 [13].

if only Count II (murder, Pen. Code, § 187) had been pleaded defendant would not have been in jeopardy as to abortion (Pen. Code, § 274), and could not in this prosecution have been convicted of a violation of that section. But as both offenses were pleaded, and both statutes were violated by one act, defendant is guilty of both offenses and he is not prejudiced by being *convicted* of both. His statutory rights would be prejudiced by being sentenced *and punished* for both. As we held in *People* v. *Smith* (1950) 36 Cal.2d 444, 448 [4b] [224 P.2d 719], "Section 654 prohibits double punishment for the commission of a single act (*People* v. *Kehoe* [1949] 33 Cal.2d 711, 713 [204 P.2d 321] ; *People* v. *Knowles* [1950] 35 Cal.2d 175, 187 [217 P.2d 1]), but it does not prohibit convictions for different offenses arising out of a single act. . . .[11] (Pen. Code, §§ 954, 1023; *People* v. *Craig* [1941] 17 Cal.2d 453, 457 [110 P.2d 403] ; *People* v. *Kynette* [1940] 15 Cal.2d 731, 761-762 [104 P.2d 794].) To preclude any possibility of the dual judgments working any disadvantage to the detriment of the defendant in the later fixing of his term, the judgment of conviction of the lesser crime has been reversed in several cases." (See also *People* v. *Chessman* (1959) 52 Cal.2d 467, 496 [19] [341 P.2d 679], cert. denied, 361 U.S. 925 [80 S.Ct. 296, 4 L.Ed.2d 241] ; *People* v. *Logan* (1953) 41 Cal.2d 279, 290-291 [11, 12] [260 P.2d 20].)

Thus it is established that section 654 prohibits multiple

---

[11]The words "unless one is necessarily included within the other" are deleted from the quoted text because they might be misleading unless read in full context.

The court in *Smith* expressly declared in the paragraph immediately preceding that from which the quotation is taken that (p. 448 of 36 Cal.2d) "The prohibition contained in section 654 must not be confused with the doctrine of included offenses which is part of the constitutional guarantee against double jeopardy." Furthermore, the cases cited for the proposition which is quoted are *People* v. *Craig* (1941) 17 Cal.2d 453 [110 P.2d 403] and *People* v. *Kynette* (1940) 15 Cal.2d 731 [104 P.2d 794], neither of which holds that section 654 actually prohibits multiple "convictions for different offenses arising out of a single act" and both of which protected the convicted person against prejudice for *punishment* (because of the multiple convictions) by modifying the trial courts' sentences. Thus in *Craig* this court concluded that "The 'judgments' entered by the trial court should be modified to the extent of consolidating them into a single judgment" and thereupon entered its order "that the [defendant] . . . be punished by imprisonment . . . for the term prescribed by law." In *Kynette* substantially the same result was accomplished by ordering that "the several judgments and orders involved . . . must be, and each is, hereby affirmed with the exception of the judgment entered against *Kynette* upon his conviction under count four of the indictment charging malicious use of explosives, and that judgment is hereby modified so as to cause it . . . to run concurrently with the remaining judgments. . . ."

*punishments* for a single act, but like the jeopardy doctrine, has no application to multiple *convictions* as such, *in a single prosecution.* It *does* by its carefully chosen language, extend its reach to prohibit *subsequent* prosecution[12] "for the same act or omission," and this, of course, would encompass a lesser offense necessarily included in such "act or omission." ■ In this application the effect of section 654 would resemble the protection of the jeopardy doctrine but with this important difference: Section 654 becomes available only after there has been "an acquittal or conviction and sentence." The shield of 654 *does not follow from mere jeopardy.* The conjunction of "conviction and sentence" makes altogether clear the legislative intention that punishment (the irrevocable pronouncement of sentence; see *People* v. *Thomas* (1959) 52 Cal.2d 521 [342 P.2d 889]) or acquittal, not mere jeopardy, is the essential requirement for operation of this section. ■ Defendant here has received full measure of protection due him. He is *sentenced* only for murder of the second degree as charged in Count II. Inasmuch as both the abortion and the murder were committed by one act it is immaterial to the applicability of section 654 that abortion is not an included offense of murder.

Defendant suggests that such cases as *People* v. *Blue* (1958) 161 Cal.App.2d 1 [326 P.2d 183]; *People* v. *Krupa* (1944) 64 Cal.App.2d 592 [149 P.2d 416]; *People* v. *Goldstein* (1867) 32 Cal. 432, and *People* v. *Mims* (1955) 136 Cal.App.2d 828, 830 [289 P.2d 539], support his contention that his plea of guilty to Count I (abortion) placed him in jeopardy as to an offense necessarily included in the charge of murder as laid in Count II. We have already shown that the contention itself must fall for the several reasons above stated, including the fact that abortion is *not* a crime included in the charge of murder either by definition or as pleaded. Of the above mentioned cases cited by defendant only the decision in *Blue* (1958) would appear to approach supporting his position. *Blue,* however, deals with *included offenses* and on that ground could be distinguished. More importantly, it appears that the court's attention there was not directed to, and its opinion does not discuss or even mention either Penal Code section 954 or 654. ■ *Blue* was mistaken, and is disapproved, in applying the jeopardy doctrine to multiple counts in a

---

[12]"Subsequent prosecution," of course, means the filing and pressing of a new criminal action. (See Pen. Code, §§ 682, 683.)

single prosecution. Penal Code section 654 was applicable and pursuant to its requirement the sentences for the included lesser offenses should have been nullified as separate convictions and declared merged into the judgments for the respective greater offenses.

In *Krupa* (1944) as in *Blue,* the court's attention apparently had not been directed to Penal Code sections 654 and 954; neither of these sections is mentioned. Furthermore, in *Krupa* the court was dealing with an appeal from conviction of a greater offense after the defendant on a plea of guilty had *previously* been convicted, *sentenced, and punished* for a necessarily included offense, separately charged in the same information. It is unnecessary here to consider whether, in the circumstances, the court correctly placed its decision on the jeopardy doctrine or should have relied exclusively on section 654. The latter section, as above noted, apparently was not called to the court's attention but obviously, if it had been considered, would have required the result reached without regard to jeopardy. "An act . . . made punishable in different ways by different provisions of this code may be punished under either of such provisions but in no case can it be punished under more than one; an acquittal or *conviction and sentence* under either one bars a prosecution for the same act . . . under any other." (Italics added.) It is identity of the act, not the offense, which raises the bar, and "conviction and sentence" for a necessarily included offense raise just as effective a bar against subsequent "prosecution for the same act" as would conviction and sentence for the greater. This leads to the result which was reached in *Krupa.* In the circumstances the decision of the court there does not benefit defendant here.

*People* v. *Goldstein, supra,* was decided under the Practice Act and is not relevant to the issues before us. The *Mims* case did not arise from or concern a unitary prosecution on multiple counts; it was properly concerned with former jeopardy in a separate prosecution and did not have occasion to consider Penal Code sections 654 and 954.

Defendant also refers to *People* v. *Greer* (1947), *supra,* 30 Cal.2d 589, for various propositions. Our decision there deals with the law applicable to trial (on a charged greater offense) at a time subsequent to the defendant's conviction, *sentence and commencement of imprisonment* for an offense included in that from which the appeal was taken. It does not aid defendant here.

Other contentions urged by defendant are either answered by what has been said or are so devoid of merit as to need no discussion.

For the reasons above stated, the judgment is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.