[Crim. No. 24507. Second Dist., Div. Five. Sept. 17, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID LEE ALLEN, Defendant and Respondent.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Hollopeter & Terry and Charles Hollopeter for Defenedant and Respondent.

**OPINION**

**KAUS, P. J.**—The People appeal from an "order" of the trial court on a double-jeopardy plea entered by defendant David Lee Allen. He, in turn, has filed a motion to dismiss the appeal. As will appear, the issues with respect to the People's appeal and the defendant's motion to dismiss intertwine. The appeal and the motion to dismiss were heard and submitted together.

FACTS

Defendant was charged with attempted murder (count 1) and assault with a deadly weapon (count 2). With respect to each count, it was charged that defendant had "used a firearm" in the commission of the offense. (Pen. Code, § 12022.5.) It is undisputed that the firearm charged in each count is the same; the preliminary hearing transcript[1] shows that there was one incident in which the victim was shot in the chest by someone, allegedly defendant, who used a .22 revolver.

On August 13, 1973, the jury acquitted defendant of attempted murder (count 1). Although the jury was specifically instructed to make findings on the question whether defendant used a firearm only if it found him guilty on both or either counts, it returned a verdict finding that it was "not true" that defendant used a firearm "at the time of the commission of the offense as contained in Count I. . . ." It also reported itself as "hopelessly deadlocked on all other verdicts." The court declared a mistrial on count II, the jury was discharged and the verdicts were filed. The matter was continued until August 15, for "trial setting." ·

On August 15, defendant was permitted to "enter the additional plea of having been once in jeopardy." Both attorneys and defendant personally waived a jury trial on that issue only, it being agreed that the issue of double jeopardy presented solely a question of law.

After argument on August 17, the court made the following ruling: The court "finds for the defendant on the plea of former jeopardy." The court specifically declined to dismiss the action: "[T]he only finding that the Court makes is for the defendant at this time on the plea of once-in-jeopardy." The minute order similarly states: "The Court finds for the defendant."

---

[1]A reporter's transcript of the trial was not prepared and is unnecessary for our disposition.

## DISCUSSION

### I.

*Appealability of "Order"*

After the People filed their opening brief, defendant filed his motion to dismiss, on the theory that the court's "order" was equivalent to an acquittal and, therefore, nonappealable.

If anything is clear about the trial court's order, it is that the court neither formally dismissed the action, nor purported to finally acquit defendant but—right or wrong—intended that its order be appealable.[2] Nevertheless, it obviously also intended that if no appeal was taken or its ruling affirmed on appeal, that the proceeding against defendant should terminate.

The People base their right to appeal on Penal Code section 1238, subdivision (a)(8), which allows a People's appeal from "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy." Obviously, where the question presented on such an appeal is whether or not the defendant has been placed in jeopardy, an affirmative answer disposes not only of the merits of the appeal, but compels a holding that we cannot reach them. Conversely, a negative answer permits us to resolve the merits, without pausing to consider the jurisdictional question.[3] (See *United States* v. *Castellanos* (2d Cir. 1973) 478 F.2d 749, 750-751.)

---

[2]"[Defense Attorney]: I would request that your Honor . . . because I feel that we're in a very grave, nebulous field . . . entertain the further motion that the matter be dismissed in the interests of justice on the Court's motion under 1385 . . . .

"*.*   *.*   *.*   *.*   *.*   *.*   *.*   *.*   *.*   *.*   *.*   *.*

"[Prosecutor]: I think that would just further cloud the record in the event . . . the district attorney's office wished to proceed by way of an appeal; . . .

"THE COURT: [T]he court does not want there to be any ambiguity in this record whatsoever. I want that issue focused upon. This was why I did the work on it that I did."

[3]As noted, the trial court declined to dismiss pursuant to section 1385 of the Penal Code because it did not want "any ambiguity in this record whatsoever." It did, however, purport to "terminate the action." Whatever else the phrase "order . . . otherwise terminating the action" as used in Penal Code section 1238, subdivision (a)(8) may mean, it surely covers the case at bar.

Defendant's reliance on *People* v. *Superior Court (Lauman)* 217 Cal.App.2d 517 [31 Cal.Rptr. 710], is misplaced since that case was decided several years before Penal Code section 1238, subdivision (a)(8) was enacted in 1968. (Stats. 1968, ch. 532, § 1, p. 1185.)

In his motion to dismiss the appeal, defendant argues that since he has already been tried by a jury and then by the court on the double jeopardy plea "to say that he has not been in jeopardy . . . is nonsense."

The ruling appealed from is, however, directed at count 2. With respect to that court, the effect of the mistrial is that jeopardy has never attached. (*People* v. *Doolittle,* 23 Cal.App.3d 14, 22 [99 Cal.Rptr. 810]; *People* v. *Wheeler,* 23 Cal.App.3d 290, 311 [100 Cal.Rptr. 198].) The fact that the tenor of the pre-jeopardy ruling was to the effect that jeopardy had attached cannot affect the threshold question of appealability.[4]

We therefore turn to the merits.

Defendant's contention that the acquittal of an attempted murder (count 1) bars retrial on assault with a deadly weapon (count 2) is without merit. (Pen. Code, § 1160.) "[A] retrial of a count on which the jury fails to agree is not 'another prosecution' within the meaning of Penal Code section 1023, and hence is not barred by the double jeopardy doctrine. [Citation.]" (*People* v. *Webb,* 66 Cal.2d 107, 127 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708].)

Generally, a defendant may be retried until "complete and final disposition is made of, all charges pleaded." (*People* v. *Tideman,* 57 Cal.2d 574, 581 [21 Cal.Rptr. 207, 370 P.2d 1007].) Thus, for purposes of retrial where, as here, defendant was tried in one proceeding on both charges, it is irrelevant whether assault with a deadly weapon is, or is not, a necessarily included offense in attempted murder.[5]

What is relevant is that the same act formed the basis for both the attempted murder and assault with a deadly weapon charges, and that the same weapon is involved in both charges. Thus, the question is whether the jury's finding, in connection with the acquittal on count 1, that defendant was not "using a firearm at the time of the commission of the [count 1] offense" bars retrial on count 2.

---

[4]An identical attempt to destroy appellate jurisdiction to review a dismissal on double-jeopardy grounds, based on the assertion that the applicable statute—18 United States Code section 3731—did not permit the government to appeal "where the double jeopardy clause of the United States Constitution prohibits further prosecution" was repulsed in *United States* v. *Castellanos, supra,* 478 F.2d 749, 751, as follows: "But of course, the government's ability to retry Castellanos is precisely what is at issue here. At worst then, we lack jurisdiction and must dismiss only if [the district court's] ruling is correct, and conversely, if the order below is in error, we have jurisdiction and must reverse. In short, the question of our jurisdiction is bound up with the merits, and it is to these that we now turn."

[5]*People* v. *Tideman, supra,* 57 Cal.2d 574, 579 et seq., discusses in detail the distinction between multiple charges, multiple prosecutions, and multiple punishments.

It appears to have been the thinking of the trial court that since the same weapon was involved in both counts, and the jury specifically found that defendant was not using the gun with respect to count 1, he could not, at the same time, have assaulted the victim with it.

The People concede, at least for the sake of argument, that, had the jury legally found that defendant did not use the gun in connection with count 1, the prosecution would be barred from retrying defendant on count 2—the weapon being the same.

The jury's special verdict that defendant did not use a firearm was necessarily surplusage, just as in situations where the jury includes a recommendation of leniency in a verdict, such "recommendations by the jury constitute no part of the verdict, but are mere surplusage. . . . [Citations.]" (*People* v. *Gidney,* 10 Cal.2d 138, 145 [73 P.2d 1186].)

The only distinction between the "leniency" cases and this one is that the determination of punishment is not a jury function at all, while the decision whether defendant used a firearm was specifically committed to the jury, but only in the event that it found defendant guilty—which it did not do. Therefore, the jury's finding was beyond the scope of its duties and should be disregarded, particularly as it is clear that the jury made no factual determination at all.

It is true that the internal operations of a jury are rarely subject to scrutiny (see, e.g., *People* v. *Hutchinson,* 71 Cal.2d 342, 349-350 [78 Cal. Rptr. 196, 455 P.2d 132]) and that verdicts are not reversibly inconsistent unless they are rendered upon charges in which the elements of the offenses alleged are identical (*People* v. *Doxie,* 34 Cal.App.2d 511, 512-513 [93 P.2d 1068]). Nevertheless, where, as here, we are asked to hold that the People are bound by an unauthorized jury finding, it is not inappropriate to analyze what the jury did. A finding that defendant used a firearm was, under the particular facts of this case, essential to either count. Yet, the same jury that specifically found that defendant did not use a firearm with respect to count 1, was "hopelessly deadlocked on all other verdicts." If in fact the jury found, as a fact, that defendant did not use a firearm in conneciton with the alleged attempted murder, it is inconceivable that they would not have acquitted him of assault with—that same—deadly weapon. What led to the acquittal on count 1 can only have been a reasonable doubt on the main element which distinguished if from count 2 —malice aforethought. (Cf. *People* v. *Parks,* 4 Cal.3d 955, 959 [95 Cal. Rptr. 193, 485 P.2d 257]; *People* v. *Vasquez,* 29 Cal.App.3d 81, 86-87 [105 Cal.Rptr. 181].)

It follows irresistibly that what happened is this: the jury forgot that under the court's instructions it could throw the "used" verdict relating to count 1 into the wastebasket, once it acquitted defendant on that count; feeling that it had to do something more ceremonial with all verdict forms relating to count 1 and unable to say that defendant used a gun in committing an offense of which he was to be acquitted, the jury found—quite logically—that in not committing the offense he did not use a firearm.

The motion to dismiss is denied. The order is reversed.

Stephens, J., and Hastings, J., concurred.