[Crim. No. 34893. Second Dist., Div. Five. Feb. 13, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
LEON JAMES, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Loren Mandel, Bernard J. Rosen and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Respondent.

OPINION

HASTINGS, J.—The People appeal (Pen. Code, § 1238, subd. (a)(8)) from an order of the trial court dismissing case number A343830 pur-

suant to Penal Code section 1385, after the court sustained defendant's plea of "once in jeopardy."

On December 29, 1977, a jury returned a verdict in case number A333673, finding defendant guilty of count II (arson). The jury was unable to agree as to count I (murder of Marques Hall).

At the sentencing hearing on February 6, 1978, the court dismissed count I "in the interest of justice" pursuant to Penal Code section 1385, stating "that in the Court's opinion it would be impossible to get a verdict of either guilty or not guilty because of the legal issues of specific intent, murder felony rule with a general intent crime, and the even split of the psychiatric testimony, the Court feels that it would be impossible to get a verdict in this case, . . ." It was also found that after hearing all the evidence in the trial the court "would have a reasonable doubt itself if he had to try the case without the jury on the issue of murder, Count I."

The People later abandoned their appeal from that order of dismissal.

On June 6, 1978, indictment number A343830 charging defendant with the murder of Marques Hall was returned and filed. Defendant entered a plea of "once in jeopardy" based upon the prior dismissal of the same offense in case number A333673. After taking judicial notice of the file in case number A333673 and after reading the transcript of the prior proceedings, the court held that the plea of once in jeopardy was valid and dismissed the matter under Penal Code section 1385.

■ The People now argue that the constitutional prohibitions against double jeopardy are not applicable when a "1385 dismissal" follows a mistrial which has arisen in consequence of the jury's inability to agree upon a verdict.

■ Defendant contends that the appeal does not lie because the order of dismissal is not an appealable order. The People concede that their appeal is limited to Penal Code section 1238, subdivision (a)(8) which authorizes the prosecution to appeal, "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy." The People also concede that if the substantive contention is resolved against them, the appeal should be dismissed. However, if their substantive contention is valid, it necessarily follows that an appeal could lie. Accordingly, the jurisdictional question of the

existence or nonexistence of the People's right to appeal is determined by the resolution of the double jeopardy issue which is the substantive issue in dispute. As the court stated in *People* v. *Allen* (1974) 41 Cal. App.3d 821, 824 [116 Cal.Rptr. 493], "Obviously, where the question presented on such an appeal is whether or not the defendant has been placed in jeopardy, an affirmative answer disposes not only of the merits of the appeal, but compels a holding that we cannot reach them. Conversely, a negative answer permits us to resolve the merits, without pausing to consider the jurisdictional question." We must therefore turn to a discussion of the merits.

■ It is well settled that "a retrial of a count on which the jury fails to agree is not 'another prosecution' within the meaning of Penal Code section 1023, and hence is not barred by the double jeopardy doctrine." (*People* v. *Webb*, (1967) 66 Cal.2d 107, 127 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Griffin* (1967), 66 Cal.2d 459, 464 [58 Cal.Rptr. 107, 426 P.2d 507]; *People* v. *Allen, supra*, 41 Cal.App.3d 821, 825.)

■ Defendant, however, contends that since this case was dismissed under Penal Code section 1385, his plea of once in jeopardy was well taken. He argues that "preventing unnecessary harassment and useless anxiety must be regarded as the basic purpose of the double jeopardy prohibition [and that] dismissal plainly promoted that objective in this instance."

■ Generally, a defendant may be retried until "complete and final disposition is made of, all charges pleaded." (*People* v. *Tideman* (1962), 57 Cal.2d 574, 581 [21 Cal.Rptr. 207, 370 P.2d 1007]; *People* v. *Allen, supra*, at p. 825.) Penal Code section 1141 states, "In all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged during the progress of the trial, or after the cause is submitted to them, the cause may be again tried."

Under Penal Code section 1385 the "court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed...."

In *People* v. *Romero* (1936), 13 Cal.App.2d 667 [57 P.2d 557], defendant argued that a dismissal under section 1385 was a bar to further prosecution because the minute order failed to state the reasons for the

dismissal. After discussing the function of section 1385, the court stated (at p. 671): "The section has nothing whatsoever to do with the rights of the defendant. For the court to fail to perform its duty, therefore, is not a matter about which a defendant can be heard to complain. The order of the court, under section 1385 of the Penal Code, in dismissing a felony action may be a matter of public concern, but in no way, either by motion or by plea, can it be seized upon by a defendant as the technical means to a coveted end. Section 1387 of the Penal Code definitely and unequivocally provides that such a dismissal is not a bar if the offense is a felony. The plea of 'Once in Jeopardy', therefore, was without legal sanction,. . ."

In 1975, section 1387 of the Penal Code was amended to provide that dismissal of a felony charge is a bar to further prosecution for the same offense *if* the action had *previously* been dismissed. This bar to further prosecution arises if *both* dismissals were pursuant to one or more of the following Penal Code sections: (1) section 1381; (2) section 1381.5; (3) section 1382, or (4) section 1385.

Thus, section 1387[1] now reads as follows: "An order for the dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; except in those felony cases where subsequent to the dismissal of the felony the court finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of dismissal."

"The prosecution is therefore barred from refiling and pursuing a felony charge against a defendant when the same charge has been dismissed on two previous occasions under P.C. 1385 and no new evidence has been discovered. (See *Horner* v. *Superior Court* (1976) 64 C.A.3d 638, 134 C.R. 607 [first dismissal counted even though it occurred before amendment to P.C. 1387; prosecutor must have known when he sought second dismissal that he could no longer rely on old rule].)" (Witkin, Cal. Criminal Procedure (1978 supp.) § 303, p. 389.)

---

[1]Because the People have the right to refile without an appeal it is clear that an end must come to repeated refilings if the action by the trial court has not been challenged by an appeal. Section 1387 requires the People to either appeal the second dismissal or stop refiling.

Here the charge was only dismissed once under section 1385 prior to the filing of the present action. Under section 1387 one dismissal is not a bar to further prosecution. Thus, as in *Romero*, defendant's plea of "Once in Jeopardy" was without legal sanction.

The order of dismissal is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied March 13, 1980, and respondent's petition for a hearing by the Supreme Court was denied April 10, 1980.