[Civ. No. 23127. Fourth Dist., Div. Two. June 10, 1980.]

ROBERT EDWARD CRANE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Frank L. Williams, Jr., Public Defender, and J. Dean Allen, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, John D. Conley and William Bedsworth, Deputy District Attorneys, for Real Party in Interest.

OPINION

KAUFMAN, J.—Robert Edward Crane (petitioner) petitioned this court for a writ of prohibition or mandate to compel the trial court to vacate its order denying his motion to strike a special circumstance allegation from the indictment on his retrial for the murder of Kenneth

Cochran. This court denied the petition without opinion. The Supreme Court granted hearing and retransferred the case to this court with directions to issue an alternative writ of prohibition and/or mandate.

In compliance with the order of the Supreme Court, this court issued an alternative writ of mandate. The People as real party in interest made their return, and petitioner has filed a traverse. We have again considered petitioner's contentions and again concluded that they are without merit. Accordingly, we deny issuance of the peremptory writ.

By an indictment issued April 18, 1978, petitioner and Eddie Tyler Burnett were accused of having committed a number of felonies. In count I petitioner and Burnett were jointly charged with the murder of Wayne Golin on January 30, 1978. In count II petitioner and Burnett were jointly charged with the robbery of Wayne Golin on the same date. Count III charged petitioner and Burnett jointly with the robbery of Barbara Golin on the same date. Count IV charged petitioner and Burnett jointly with burglary of Leisure World Jewelers on the same date. In an unnumbered paragraph immediately following count IV a special circumstance was alleged with respect to the murder of Wayne Golin (count I), to wit, that petitioner was personally present during the commission of the act causing Golin's death and physically aided or committed the act causing his death and that the murder was wilful, deliberate and premeditated and was committed during the commission and attempted commission of robbery.

Counts V and VI charged Burnett with an attempted robbery and a burglary on January 24, 1978. Neither those allegations nor those crimes are involved in the proceeding at bench.

In an unnumbered paragraph immediately following count VI it was alleged that petitioner and Burnett personally used a firearm, to wit, a handgun, in the commission of the offenses in count I and II. In an unnumbered paragraph immediately following that paragraph it was alleged that Burnett personally used a firearm, to wit, a handgun, in the commission of the offenses charged in counts V and VI. In an unnumbered paragraph immediately following that paragraph it was alleged that in the commission of the offenses charged in counts I, II, III and IV, one of the principals was armed with a firearm, to wit, a handgun.

Count VII charged petitioner and Burnett jointly with feloniously possessing a handgun capable of being concealed upon the person, hav-

ing theretofore been convicted of a felony. Count VIII charged Burnett alone with the same crime charged in count VII.

Count IX charged petitioner alone with the murder of Kenneth Wayne Cochran on December 2, 1977. In three unnumbered paragraphs immediately following count IX it was alleged, respectively, that in the commission of the offense alleged in count IX, petitioner personally used a firearm, to wit, a sawed-off shotgun; that during the commission of the act causing the death of Kenneth Wayne Cochran, petitioner physically aided or committed the act causing the death of Cochran and that the murder was wilful, deliberate and premeditated and involved the infliction of torture; and that petitioner "has in this proceeding been convicted of more than one offense of murder of the first or second degree, or has been convicted in a prior proceeding of the offense of murder of the first or second degree." (See former Pen. Code, § 190.2, subd. (c)(5) [Stats. 1977, ch. 316, § 9, pp. 1257-1258].)

In count X petitioner was charged with feloniously possessing a firearm, to wit, a sawed-off shotgun, capable of being concealed upon his person on December 2, 1977, having theretofore been convicted of a felony.

In relevant pretrial proceedings petitioner moved for separate trials of the incidents alleged to have occurred on December 2, 1977, and those alleged to have occurred on January 30, 1978. Petitioner also moved to strike the "torture-murder" special circumstance alleged in connection with count IX, the murder of Kenneth Wayne Cochran on December 2, 1977. Petitioner's motion to sever was denied. However, his motion to strike the "torture-murder" special circumstance allegation pertaining to count IX was granted.

Following a jury trial between May 15 and July 25, 1979, petitioner was convicted on all counts pertaining to the events of January 30, 1978, including the first degree murder of Wayne Golin on January 30, 1978, as alleged in count I. In addition, the jury found true the special circumstance allegation pertaining to the murder of Golin, as alleged in the unnumbered paragraph immediately following count IV, that petitioner was personally present during the commission of the act causing death, that he physically aided or committed the act causing death, and that the murder was wilful, deliberate and premeditated and committed during the commission of robbery.

Count IX, the murder of Kenneth Wayne Cochran on December 2, 1977, was also submitted to the jury together with the special circumstance alleged in connection with count IX, that petitioner was "in this proceeding...convicted of more than one offense of murder of the first or second degree."[1] However, the jury was unable to reach a verdict on the Cochran homicide (count IX), and no verdict was returned on the "more-than-one-murder-conviction" special circumstance allegation pertaining to the Cochran homicide.

The "murder-in-the-course-of-robbery" special circumstance pertaining to the Golin murder (count I) having been found true by the jury, trial was had on the penalty with respect to the Golin murder conviction in accordance with former Penal Code section 190.4 as it read in 1977.[2] Pursuant to former Penal Code section 190.3 (Stats. 1977, ch. 316, § 11, pp. 1258-1260[3]) the jury was instructed that in considering the penalty to be imposed upon petitioner for the Golin murder (count I), it could consider the evidence introduced at the guilt trial pertaining to the Cochran homicide. The jury was unable to reach a verdict on the penalty, and, in accordance with former Penal Code section 190.4, the court fixed petitioner's sentence for the Golin murder at imprisonment for life without possibility of parole.

Subsequently, count IX, the Cochran murder, and the "more-than-one-murder-conviction" special circumstance allegation pertaining to

[1]With respect to the special circumstance relating to count IX the jury was instructed as follows: "To find the special circumstance, referred to in these instructions as multiple murder convictions, is true, each of the following facts must be proved:

"1. That the defendant was personally present during the commission of the act or acts causing death, and

"2. That the defendant, with the intent to cause death, physically aided or committed the act or acts causing death, and

"3. That the defendant has in this case been convicted of first degree murder and

"(a) An additional count of murder in either the first or second degree."

[2]Inasmuch as the charged homicides were alleged to have occurred in December 1977 and January 1978, the 1977 death penalty law (Stats. 1977, ch. 316), rather than the present death penalty law, was applicable to the trial of this case and is applicable in this proceeding. All statutory language set forth in this opinion is from the 1977 statute unless otherwise indicated.

[3]Under former Penal Code section 190.3 the jury in the penalty phase could consider "evidence...by both the people and the defendant as to any matter relevant to aggravation, mitigation and sentence, including, but not limited to, the nature and circumstances of the present offense [and] the presence or absence of other criminal activity by the defendant which involved the use or attempted use of force or violence or which involved the expressed or implied threat to use force or violence...."

that count were set for retrial. Petitioner moved the court to strike the special circumstance allegation, having earlier entered a plea thereto of once in jeopardy. Following argument and submission, petitioner's motion was denied.

Petitioner contends that retrial of the "more-than-one-murder-conviction" special circumstance is violative of constitutional guarantees against double jeopardy, is, by analogy, contrary to the rule prohibiting imposition of greater punishment following a successful appeal or motion for new trial, and is contrary to the statutory procedure found in former Penal Code section 190.4. Not so.

*Double Jeopardy*

■ Petitioner's contention that retrial of the "more-than-one-murder-conviction" special circumstance allegation pertaining to the Cochran murder (count IX) would violate constitutional prohibitions against double jeopardy is devoid of merit. The jury was unable to reach a verdict with respect to the Cochran murder (count IX). The retrial of a count charging an unrelated crime upon which the jury in a prior trial was unable to render a verdict does not violate constitutional or statutory prohibitions against double jeopardy. (*People* v. *Tideman* (1962) 57 Cal.2d 574, 583 [21 Cal.Rptr. 207, 370 P.2d 1007]; *People* v. *Webb* (1967) 66 Cal.2d 107, 127 [56 Cal.Rptr. 902, 242 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Allen* (1974) 41 Cal.App.3d 821, 825 [116 Cal.Rptr. 493].) Even retrial of the penalty phase of a murder prosecution resulting from the failure of the jury in the first trial to agree was held under an earlier death penalty statute not to be precluded by the double jeopardy doctrine. (*People* v. *Hooton* (1959) 53 Cal.2d 85, 88-89 [346 P.2d 199].)

In his traverse, petitioner contends for the first time that the jury erroneously failed in the guilt trial to render a verdict with respect to the "more-than-one-murder-conviction" special circumstance. He argues that the jury should have returned a verdict determining that allegation to be untrue, inasmuch as he was not in fact convicted of more than one murder. We believe not. Former Penal Code section 190.4 upon which petitioner relies provided in relevant part: "(a) Whenever special circumstances as enumerated in Section 190.2 are alleged *and the trier of fact finds the defendant guilty of first degree murder*, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. . . ." (Italics added.)

Under the statutory language, unless the defendant has been found guilty of *the murder with respect to which the existence of the special circumstance has been alleged*, the jury is not called upon to make a determination as to the truth or falsity of the special circumstance allegation. In the case at bench petitioner was convicted of the first degree murder of Golin, but that was not the murder with respect to which the "more-than-one-murder-conviction" special circumstance was alleged. That special circumstance was alleged to exist with respect to the Cochran murder charged in count IX. The jury was unable to reach a verdict as to count IX and under the statutory language was not required to render a verdict with respect to the alleged special circumstance.

*Analogy to Rule Prohibiting Imposition of Greater Punishment*

■ Petitioner attempts to draw some analogy between retrial of the "more-than-one-murder-conviction" special circumstance allegation pertaining to the Cochran murder (count IX) and the judicially established rule prohibiting the imposition of greater punishment than first imposed following a successful appeal or motion for new trial by an accused. (See, e.g., *People* v. *Hood* (1969) 1 Cal.3d 444, 459 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Ali* (1967) 66 Cal.2d 277, 281 [57 Cal.Rptr. 348, 242 P.2d 932]; *People* v. *Henderson* (1963) 60 Cal.2d 482, 495-497 [35 Cal.Rptr. 77, 386 P.2d 677]; *In re Ferguson* (1965) 233 Cal. App.2d 79, 82 [43 Cal.Rptr. 325].) The analogy is inapt.

The rationale and justification for the rule relied on by petitioner is that if greater punishment could be imposed following a retrial resulting from an appeal or motion for new trial initiated by the accused, there would be an undue chilling effect upon the right of persons accused of crime to exercise their right of appeal or their right to move for a new trial. No such consideration is present in the case at bench. The penalty trial that took place was concerned with the penalty to be imposed on account of petitioner's conviction of the Golin murder charged in count I. There has been no penalty trial with respect to the Cochran murder charged in count IX. Petitioner was not convicted of that offense. It is true that the jury at the penalty trial with respect to the Golin murder was permitted to consider evidence introduced at the guilt trial relating to the Cochran homicide, but the jury's consideration of that evidence was for the purpose of determining the penalty to be imposed with respect to the Golin murder pursuant to former Penal Code

section 190.3. (See fn. 3, *ante*.) Finally, petitioner's retrial with respect to the Cochran homicide and the "more-than-one-murder-conviction" special circumstance allegation does not result in whole or in part from any exercise of rights on his part.

## The Statutory Procedure Contention

█ Petitioner contends that the pertinent language of former Penal Code section 190.4 set forth in the margin[4] makes clear a legislative intent that if any special circumstance allegation is found to be true, there must be a penalty trial; that only when the jury can reach a unanimous verdict as to no one of the alleged special circumstances may there be a retrial of an allegation of special circumstances; and, finally, that once a case proceeds to penalty trial, the inability of the jury to reach a unanimous verdict precludes a subsequent trial to determine penalty, the court being required to impose a sentence of life imprisonment without possibility of parole.

---

[4]Penal Code section 190.4 reads in pertinent part: "(a) Whenever special circumstances as enumerated in Section 190.2 are alleged and the trier of fact finds the defendant guilty of first degree murder, the trier of fact shall also make a special finding on the truth of each alleged special circumstance. The determination of the truth of any or all of the special circumstances shall be made by the trier of fact on the evidence presented at the trial or at the hearing held pursuant to subdivision (b) of Section 190.1.

"In case of a reasonable doubt as to whether a special circumstance is true, the defendant is entitled to a finding that it is not true. The trier of fact shall make a special finding that each special circumstance charged is either true or not true. Wherever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime.

".    .    .    .    .    .    .    .    .    .    .    .

"If the trier of fact finds that any one or more of the special circumstances enumerated in Section 190.2 as charged is true, there shall be a separate penalty hearing, and neither the finding that any of the remaining special circumstances charged is not true, nor if the trier of fact is a jury, the inability of the jury to agree on the issue of the truth or untruth of any of the remaining special circumstances charged, shall prevent the holding of the separate penalty hearing.

"In any case in which the defendant has been found guilty by a jury, and the jury has been unable to reach a unanimous verdict that one or more of the special circumstances charged are true, and does not reach a unanimous verdict that all the special circumstances charged are not true, the court shall dismiss the jury and shall order a new jury impaneled to try the issues, but the issue of guilt shall not be tried by such jury, nor shall such jury retry the issue of the truth of any of the special circumstances which were found by a unanimous verdict of the previous jury to be untrue. If such new jury is unable to reach the unanimous verdict that one or more of the special circum-

We agree with petitioner's interpretation of the language of the statute, and we reject the district attorney's argument that former Penal Code section 190.4 did not contemplate a case in which more than one murder carrying a potential death penalty is charged. However, petitioner's application of the statute as so interpreted is mistaken. The language of the statute must be applied to each count of murder potentially carrying the death penalty and the allegations of special circumstances pertaining to that count. That this is so is made rather clear by the opening sentence of the section: "Whenever special circumstances as enumerated in Section 190.2 are alleged *and the trier of fact finds the defendant guilty of first degree murder*, the trier of fact shall also make a special finding on the truth of *each alleged special circumstance*." (Italics added.) Any possible uncertainty is eliminated by the provision in a subsequent paragraph: "If the trier of fact finds that any one or more of the special circumstances enumerated in Section 190.2 as charged is true, there shall be a separate penalty hearing...." The phrase "special circumstances...as charged" can only have reference to the special circumstances charged with respect to a particular murder count; manifestly, the case could not proceed to "penalty hearing" with respect to a separate count charging an unrelated murder as to which the defendant has not been convicted.

Thus, petitioner is correct that there could be no retrial of any special circumstance alleged with respect to the Golin murder of which he was convicted and with respect to which a penalty trial was had resulting in imposition of sentence by the court because of the jury's inability to reach agreement on the penalty to be imposed. However, applying the statutory language to the Cochran homicide charged in count IX and the "more-than-one-murder-conviction" special circumstance allegation with respect thereto, the trier of fact did not find "the defendant guilty of first degree murder," on that count, which the first sentence of the statute requires as a prerequisite to the jury's determining the truth or falsity of the special circumstance allegation.

Petitioner's assertion that "[s]hould a second penalty trial be permitted in this matter, nothing new in the way of evidence would be available to the People which had not been available at the time of the

---

stances it is trying are true, the court shall dismiss the jury and impose a punishment of confinement in state prison for life.

"(b) .    .    .    .    .    .    .    .    .    .    .    .    .    .

"If the trier of fact is a jury and has been unable to reach a unanimous verdict as to what the penalty shall be, the court shall dismiss the jury and impose a punishment of confinement in state prison for life without possibility of parole."

first penalty trial" and that "[a] second penalty trial in the instant case, in which evidence identical to that presented at the first trial [is introduced], flies in the face of [the legislative] intent" is mistaken in several vital regards. First, there would indeed be an important new fact for the jury to consider—defendant's conviction of a second murder. The jury was permitted to consider at the penalty trial the evidence introduced at the guilt trial with respect to the Cochran homicide, not because it was relevant or material in the penalty trial to the penalty to be imposed on petitioner for the Cochran homicide but, rather, as relevant and material to the penalty to be imposed upon petitioner for the Golin murder as expressly authorized by former Penal Code section 190.3 (see fn. 3, *ante*).

Secondly and perhaps even more fundamentally, no "second" penalty trial in the sense of a retrial is here involved. There has never been a penalty trial with respect to the Cochran homicide, because petitioner has not been convicted of the Cochran homicide. Had petitioner been convicted of both the Golin homicide and the Cochran homicide, the penalty trial would have pertained to the penalty to be imposed with respect to both homicides, and the jury could have returned a verdict of death for either the Golin murder based on the "true" finding with respect to the "course-of-robbery" allegation or the Cochran murder based on the "more-than-one-murder-conviction" allegation (or both). However, since defendant was not convicted of the Cochran homicide and the question of penalty as to that murder has never been tried, it is manifestly proper if he is convicted of that crime on retrial and if the jury finds true the "more-than-one-murder-conviction" special circumstance allegation, that a trial be had as to the penalty to be imposed upon petitioner for that capital crime. The People are not, as petitioner asserts, arguing that because of the jury's inability to reach a verdict on the Cochran homicide, they are in a better position than if petitioner had been convicted of that crime; they are arguing that if petitioner is convicted of that crime on retrial and the jury finds the "more-than-one-murder-conviction" special circumstance allegation to be true, they should be in the same position as they would have been had petitioner been convicted of the Cochran murder in the first trial. The People are right.

*Disposition*

The trial court acted with propriety in denying petitioner's motion to strike the "more-than-one-murder-conviction" special circumstance alle-

gation relating to the Cochran homicide (count IX). The alternative writ heretofore issued is discharged and issuance of the peremptory writ is denied.

Gardner, P. J., and Tamura, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 30, 1980.