[Crim. No. 28609. Second Dist., Div. Five. Dec. 23, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD DONNELL, JR., et al., Defendants and Appellants.

## COUNSEL

Patricia A. Shanahan and Herbert F. Blanck, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Donald R. Currier, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KAUS, P. J.**—After a court trial defendants Donnell and Handcox were each convicted of first degree robbery.[1] Both defendants were sentenced to prison and appeal from the judgment.

Two legal issues are raised by defendants: (1) Whether section 739 of the Penal Code, as interpreted, permitted the prosecutor to file an information charging defendants with robbery (Pen. Code, § 211) and receiving (Pen. Code, § 496), although the complaint filed before the preliminary hearing only charged them with receiving; and, (2) whether defendants could forestall a trial and conviction for robbery by pleading guilty to receiving.[2]

These facts were proved at the preliminary hearing: On November 13, 1975, sometime between 10:30 and 11:30 p.m. a 1962 Chevrolet owned by one Robert Campbell was stolen while parked at 8120 South Vermont Avenue in Los Angeles.

Father Thomas W. McLaughlin was staying at a motel at 900 West Olympic Boulevard that night. At about 1:10 a.m. "two Negro men" invaded his motel room. He was robbed of a brown leather jacket, about $30 in cash, his driver's license, credit cards and other items of personal property, including a tie bar and a ring. The key to his motel room was missing after the robbers left. Father McLaughlin was unable to identify either defendant as one of the robbers, although he stated that Hancock looked "somewhat familiar."

At about 2:15 a.m. that night Officer Sambrone, who had observed Handcox driving what later turned out to be Campbell's Chevrolet, approached Handcox and requested identification when the car stalled in the middle of an intersection at Central Avenue and 21st Street. Donnell and a female only identified as "Craig" were passengers in the car. The left wind wing of the car had been smashed out and an "apartment-type door" key was in the ignition. The officer ascertained that the car was registered to Robert Campbell, but had not been reported stolen. Handcox then told the officer that he had bought the car from one

---

[1]Handcox was also convicted of a violation of section 10851 of the Vehicle Code. No issue concerning that conviction is raised on this appeal. For the sake of clarity we shall ignore it.

[2]The goods stolen from the victim in the robbery were the same as those involved in the receiving charge.

Jimmie Ray, who had owned it for a year and a half. An insurance receipt in the name of Campbell was found in the car. Defendants were arrested. After the arrest, Craig asked Handcox for a cigarette. He pointed to his sock. The sock contained Father McLaughlin's driver's license and credit cards. Donnell was wearing the victim's leather jacket which contained the key to the motel room, the tie bar and the ring.

The magistrate committed both defendants for a violation of section 496—receiving stolen property. In the information the district attorney added counts charging each defendant with robbery.

In the superior court both defendants moved to dismiss the robbery counts under section 995 of the Penal Code, contending that the district attorney had no power to add the robbery counts to the information.[3] The motions to dismiss were denied.

Both defendants pleaded not guilty to both counts. On the day of trial, over the vigorous opposition of the district attorney, they were permitted to plead guilty to the receiving counts, claiming quite frankly that such pleas, if accepted by the court, would entitle them to enter an additional plea of "prior jeopardy" as to the robbery counts. When the prosecutor agreed that this would be so, the court reinstated the not guilty pleas on the receiving counts, and after appropriate waivers, tried the case without a jury.[4] Both defendants were convicted of robbery and acquitted of receiving.[5]

## DISCUSSION

The parties recognize that any discussion of the propriety of including a robbery count in the information, in spite of the fact that none was in the complaint, must begin with the rule restated in *Jones* v. *Superior*

---

[3]That is the contention also raised on appeal. Below it was also claimed that the evidence before the magistrate was insufficient to identify defendants as the robbers. On appeal that contention is, wisely, not repeated. (*Williams* v. *Superior Court*, 71 Cal.2d 1144, 1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987]; cf. *People* v. *McFarland*, 58 Cal.2d 748, 754-755 [26 Cal.Rptr. 473, 376 P.2d 449].)

[4]The proceedings were unnecessarily protracted, principally because the prosecutor did not appreciate that what defendants were essaying—albeit with a twist—was the gambit rejected in *People* v. *Tideman*, 57 Cal.2d 574 [21 Cal.Rptr. 207, 370 P.2d 1007].

[5]The prosecution evidence at the trial tracked the testimony at the preliminary hearing. Defendants presented an alibi for the time of the robbery which the court did "not for a moment believe . . . ."

*Court,* 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241]. "The cases have recognized that a literal construction of section 739 would bring it into conflict with the constitutional mandate which 'protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified.' [Citations omitted.] Accordingly, the rule has developed that an information which charges the commission of an offense not named in the commitment order will not be upheld unless (1) the evidence before the magistrate shows that such offense was committed (Pen. Code, § 739), and (2) that the offense 'arose out of the transaction which was the basis for the commitment' on a related offense. [Citations omitted.]"

No rational argument can be made that the robbery and receiving counts did not arise out of the same transaction.[6]   ▮   Rather, defendants claim: (1) that the district attorney's failure to include a robbery count in the complaint deprived them of the "fundamental right to be advised of the charges against [them] at a preliminary hearing and the right to cross-examine witnesses and present a defense for the purpose of overcoming the prosecution's case"; and (2) that the rationale of prior decisions interpreting section 739 of the Penal Code in favor of permitting the prosecutor to add charges in the information does not apply when the district attorney adds a count which is legally inconsistent with the offense on which the defendant was committed by the magistrate.[7]

We think defendants are mistaken. First—just to clear the air—defendants were not prevented from offering a defense to the robbery charge at the preliminary hearing. *Jennings* v. *Superior Court,* 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304], is, therefore, beside the point. The most that defendants can possibly claim is that the prosecution's failure to charge robbery in the complaint misled them into believing that the occasion did not call for a defense to such a charge. There may well be cases where an uncharged offense, although transactionally related to a charged one and incidentally proved at the preliminary hearing, is psychologically so well camouflaged that a claim of having been misled

---

[6]In fact defendants so stipulated when they claimed that their guilty pleas to receiving prevented the trial and convictions for robbery.

[7]Defendants refer, of course, to the rule that generally a defendant cannot be convicted of receiving goods which he, himself, has stolen. (*People* v. *Jaramillo,* 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706].) Robbery "is but larceny aggravated by the use of force or fear . . . ." (*People* v. *Butler,* 65 Cal.2d 569, 572 [55 Cal.Rptr. 511, 421 P.2d 703].)

has some substance. This, however, is not such a case. The evidence of the robbery was spread on the record. Defendants were represented by counsel whose competence we have no reason to question. That Father McLaughlin's testimony, coupled with the circumstances of defendants' arrest, was more than adequate to justify a commitment on robbery charges was self-evident. (*Williams* v. *Superior Court, supra,* 71 Cal.2d 1144, 1149.) If defendants failed to put on a defense with respect to the robbery, the sole reason shown by the record is that they did not choose to present one.

This is not to deny that there is a certain amount of tension between an expansive interpretation of *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, if read as giving the defendant an election to treat the preliminary hearing as a mini-trial, and certain attributes of preliminary hearings that are quite inconsistent with constitutionally mandated trial rights—such as prior notice of the charges. (*In re Arthur N.,* 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345]. See generally, Graham & Letwin, *Preliminary Hearing* (1971) 18 U.C.L.A. L.Rev. 636 and 749-757.) For example, it is still the law that the commitment need not follow the complaint and that "[i]t is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged." (*People* v. *Staples,* 91 Cal. 23, 26 [27 P. 523], quoted with approval in *People* v. *Lee Look,* 143 Cal. 216, 219 [76 P. 1028]; see also, *People* v. *Bird,* 212 Cal. 632, 645 [300 P. 23]; *People* v. *Foster,* 198 Cal. 112, 121 [243 P. 667]; *People* v. *Hinshaw,* 194 Cal. 1, 9 [227 P. 156]; *Wells* v. *Justice Court,* 181 Cal.App.2d 221, 226 [5 Cal.Rptr. 204]; see Pen. Code, § 872.)[8] This case, however, does not call for a decision whether our preliminary hearing procedure and the principles on which *Jennings* is based are on a collision course. We note that even the author of *Jennings,* concurring in *Johnson* v. *Superior Court,* 15 Cal.3d 248, 256 [124 Cal.Rptr. 32, 539 P.2d 792], does not include prepreliminary hearing notice of the crime eventually charged in the information as being part of the "impressive array of procedural rights" available in connection with the preliminary hearing and information procedure of initiating felony prosecutions.

---

[8]Defendant Handcox claims that section 739 of the Penal Code does not permit a prosecutor to file an information that includes a count not even charged in the complaint. Apart from the fact that the plain words of section 739 do not limit the prosecutor's power to offenses charged in the complaint, the cases do not support the point. (*People* v. *Downer,* 57 Cal.2d 800, 810 [22 Cal.Rptr. 347, 372 P.2d 107]; *Buck* v. *Superior Court,* 232 Cal.App.2d 153, 157 [42 Cal.Rptr. 527, 11 A.L.R.3d 1064]; *People* v. *Griffin,* 106 Cal.App.2d 531, 534-535 [235 P.2d 424].)

The effect of our decisions is, simply, that it is not the complaint but the totality of the evidence produced at the preliminary hearing which notifies the defendant of the potential charges he may have to face in the superior court. To be sure, this type of "notice by proof" may on occasion genuinely surprise an accused. If, in such a case, a defendant does wish to mount a defense against an unanticipated crime, his first remedy is to ask for a continuance to enable him to gather his forces. Indeed, in *Jennings* it was the denial of a defense motion for a continuance which triggered the issuance of the Supreme Court's writ of prohibition.

In this case, we know that at trial defendants produced evidence which, if believed, would have negatived their participation in the robbery. It was not produced at the preliminary hearing. On the record before us we can only assume that counsel, for obvious tactical reasons, decided not to reveal their hands prematurely, or that the evidence, eventually put in at the trial, had not yet been developed by defendants.

Defendants' second point arises out of the still-born guilty pleas to the receiving counts. As we indicated earlier (see fn. 4, *supra*), defendants were attempting the maneuver rejected in *People v. Tideman, supra,* 57 Cal.2d 574. There the defendant, charged with abortion and murder, sought to forestall trial on the murder charge by pleading guilty to abortion on the day of trial. For reasons thoroughly explained in *Tideman,* the tactic failed. The only difference between this case and *Tideman* is that there the defendant could be convicted of both crimes while here, as noted, a conviction of receiving would preclude one of robbery and vice versa. (*People v. Jaramillo, supra,* 16 Cal.3d 752, 757.) Granted that this is so, the distinction is without a difference.

It has never been questioned that a defendant may be charged with larceny as well as receiving. (*Williams v. Superior Court, supra,* 71 Cal.2d 1144, 1149, fn. 5; *People v. Tatum,* 209 Cal.App.2d 179, 184 [25 Cal.Rptr. 832].) Indeed, as a practical matter, the prohibition against multiple prosecution contained in section 654 of the Penal Code, forces prosecutors to charge defendants with both crimes (*Kellett v. Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206])—at least where, as here, the same circumstantial evidence permits a trier of fact to decide which crime, if any, was committed. (*People v. McFarland, supra,* 58 Cal.2d 748, 754-755 [26 Cal.Rptr. 473, 376 P.2d 449].) It defies common sense that a defendant, thus charged, can avoid a life term by electing to

plead guilty to a crime which at this time carries a maximum of 10 years in prison.[9]

The trial court, of course, never should have set aside the guilty pleas to receiving before the trial started, but the error was harmless. As the court itself recognized during the argument on defendants' motion for a new trial, it should have permitted the pleas to stand and vacated them after finding defendants guilty of robbery.

The judgments are affirmed.

Stephens, J., and Ashby, J., concurred.

---

[9]Section 954 of the Penal Code expressly negatives any requirement that the prosecutor elect between different offenses properly joined. A fortiori the defendant cannot be permitted to select the offense of which he would prefer to be convicted.