[No. B058207. Second Dist., Div. Seven. Nov. 20, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ABRAHAM MATILDE GUTIERREZ, Defendant and Appellant.

1730

## Counsel

Richard L. Knickerbocker for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Keith H. Borjon and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WOODS (Fred), J.**—Defendant Gutierrez was convicted of attempted murder and of discharging a firearm at an occupied motor vehicle. In sentencing defendant, the trial court imposed enhancements for use of a gun and for great bodily injury as to the attempted murder conviction. The court ordered the sentences on both convictions to run consecutively. Defendant appeals the convictions and the sentences imposed. We affirm the judgment.

FACTS AND PROCEEDINGS BELOW

On June 2, 1990, the defendant along with 30 to 40 of his acquaintances was at a friend's house. While the defendant and his friends drank beer in the front yard, Ms. Zarate and three others drove by the party. The defendant and his friends threw beer cans and shouted gang slogans as the car passed by.

The defendant then pursued the victims on a motorcycle. While a second person drove the motorcycle, the defendant sat on the back with a gun in his hand. During the chase, the victims saw the defendant clearly. As the motorcycle approached the car, the defendant fired the gun into the car, striking Ms. Zarate in the head.

At the time of the trial, Ms. Zarate remained hospitalized in a coma, suffering brain damage from the gunshot wound to the head.

Defendant was charged with attempted murder (count I) and discharging a gun into an occupied motor vehicle (count II). The jury found the defendant guilty of attempted murder but found the attempt to commit murder was not willful, deliberate, and premeditated. The trial court sentenced defendant to 17 years in prison on count I. The court sentenced defendant to the upper term of nine years. In addition, the court enhanced the sentence by five years for the use of a gun, pursuant to Penal Code section 12022.5, subdivision (a), plus three years for great bodily injury, pursuant to Penal Code section 12022.7.[1] The jury found the defendant guilty of discharging a firearm at an occupied motor vehicle, count II. The court imposed one-third of the sixty-month midterm sentence. The court ordered the sentences on count I and II to be served consecutively for a combined total of 18 years and 8 months.

I.  *Substantial evidence supports defendant's convictions of attempted murder and discharging a firearm into an occupied motor vehicle.*

█ It is well established an appellate court may not reverse a conviction for insufficient evidence, if there is, on the whole record, substantial evidence to support it. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 (228 Cal.Rptr. 228, 721 P.2d 110].) We view all of the evidence in the light most favorable to the prosecution where any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Ibid.*)

█ Defendant's defense at trial was mistaken identity. On appeal he claims the People failed to meet their burden of proof because there was no

---

[1]All future references are to the Penal Code.

evidence anyone at the party had a motorcycle. In addition, two defense witnesses testified defendant was not the shooter.

We find substantial evidence in the record to support the convictions. At trial, a detective with the Los Angeles County Sheriff's Department gang detail testified one of the defendant's acquaintances at the party owned a white Ninja motorcycle. More importantly, two of the victims identified defendant as the gunman. The defendant's distinctive lips and nose gave the identifications a high degree of reliability. Furthermore, one of the victims knew the defendant from high school. ■ The trier of fact is responsible for weighing the evidence presented, resolving conflicting testimony and drawing reasonable inferences. (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 573-574, 99 S.Ct. 2781].) We have no reason to disturb the jury's finding in this case.

II. *The trial court properly admitted expert testimony concerning the insignificant amount of gunshot residue found on defendant's hands.*

Following the defendant's arrest, a gunshot residue test was conducted on his hands. At trial, an expert witness testified the test results did not permit a conclusion to be drawn as to whether the defendant had handled or fired a gun. The parties agreed to the introduction of the gunshot residue test and the testimony of the expert witness. The defendant also stipulated to the witness's expertise in the area of gunshot residue analysis.

In questioning the expert witness, the People posed certain hypothetical questions. The People asked whether the delay in residue testing, the effect of the wind while riding on the motorcycle, the result of removing a long-sleeved shirt or jacket, and the effect of having contact with beer could have reduced the gunshot residue on the defendant's hands. The expert testified that assuming a person fired a gun and given the above mentioned factors it would not be unusual to find an insignificant amount of gunshot residue on the person's hands.

■ On appeal, defendant argues the expert witness's testimony in response to the hypothetical questions was irrelevant because the insignificant amount of gunshot residue on the defendant's hands prevented the drawing of any inferences as to whether the defendant actually had handled or fired the gun. In view of this, the defendant contends, the jury should not have been permitted to draw any inferences from the expert witness's testimony.

We reject this argument. Defendant failed to object to the hypothetical questions posed to the expert. Therefore, the objections were waived. (Evid.

Code, § 353.) Furthermore, if the defendant was entitled to introduce evidence the test did not suggest he had fired a gun, the People were entitled to elicit evidence showing why the test did not rule out that possibility. Such testimony was clearly relevant.

III.   *The trial court had sufficient reasons to impose the upper term for count I.*

The trial court imposed the upper term on the attempted murder conviction. The court stated it imposed the upper term because of the aggravating circumstances set forth in the probation report and because the crime involved great bodily injury and disclosed a high degree of cruelty, viciousness, and callousness.

Under California Rules of Court, rule 421(a)(1), the trial court may impose the upper term if the court is convinced the crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (See, e.g., *People* v. *Harvey* (1984) 163 Cal.App.3d 90, 117 [208 Cal.Rptr. 910]; *People* v. *Webber* (1991) 228 Cal.App.3d 1146, 1169 [279 Cal.Rptr. 437].)

■   The trial court erred by using the fact the crime involved great bodily injury in imposing the upper term. The record shows the court imposed an enhancement for great bodily injury while using the same fact to impose the upper term. Such dual use of fact is not permitted. Section 1170 subdivision (b) prohibits the court from imposing the upper term by using the fact of any enhancement upon which sentence is imposed under section 12022.7 (enhancement for great bodily injury).

The error, however, was harmless. Other aggravating circumstances, recited by the trial court, support the court's sentence choice.

For example, the defendant's probation report reveals the defendant was convicted of taking a vehicle without the owner's consent. Defendant was on probation from this crime when he committed the instant crimes. The court may consider the fact a "defendant was on probation or parole when the crime was committed" as a circumstance in aggravation to impose the upper term. (Cal. Rules of Court, rule 421(b)(4); *People* v. *Fields* (1984) 159 Cal.App.3d 555, 568-569 [205 Cal.Rptr. 888].)

The defendant's conduct also demonstrates a high degree of cruelty, viciousness, and callousness. The defendant stalked and pursued his victims on a motorcycle. He chased his victims for blocks, exposing the passengers,

other drivers, and pedestrians to the dangers of a traffic accident. Additionally, the firing of the gun into a car full of people reflects an indifference to human life. Such a crime is reprehensible to society.

In view of the above, we hold the trial court properly stated sufficient circumstances in aggravation to impose the upper term.

IV. *The trial court properly imposed sentences on count I for the attempted murder of sandra zarate and on count II for discharging a firearm into an occupied motor vehicle.*

■ Defendant argues the trial court imposed multiple punishments for a single course of action. The defendant further asserts the course of action was limited to one victim. We disagree.

Section 654 prohibits punishment for more than one violation arising out of an act or omission which is made punishable in different ways by different statutory provisions. At the preliminary hearing, the People introduced evidence establishing the defendant had fired a shot into a car with a driver and three passengers. It is the "totality of the evidence" produced at the preliminary hearing which notifies the defendant of the potential charges. (*People* v. *Donnell* (1976) 65 Cal.App.3d 227, 233 [135 Cal.Rptr. 217].) Thus, as to count II, the People properly put the defendant on notice as to existence of multiple victims.

Thus, the sole issue is whether section 654 applies where the defendant is convicted of attempted murder and discharging a firearm at an occupied motor vehicle. This issue was addressed in *People* v. *Masters* (1987) 195 Cal.App.3d 1124 [241 Cal.Rptr. 551].

In *Masters*, the defendant shot his gun into a moving vehicle with a driver and two passengers. One of the passengers was seriously injured by the gun fire. The court sentenced Masters to the upper term of four years as to count I for assault with a deadly weapon, a consecutive three-year term for the great bodily injury enhancement and a consecutive one-year term on count II for discharging a firearm at an occupied motor vehicle. The defendant argued section 654's prohibition against multiple punishments precluded the court from sentencing him to the one year consecutive sentence for discharging a firearm at an occupied motor vehicle. (195 Cal.App.3d at p. 1126.) The court stated section 654's "proscription against multiple punishments does not apply to violations arising from an indivisible course of conduct if during the course of that conduct the defendant committed crimes of violence against different victims." (195 Cal.App.3d at p. 1127.) The court held

section 654 inapplicable because Master's violent actions were performed in a manner likely to cause harm to all three individuals in the vehicle and in fact seriously injured one of the victims. (195 Cal.App.3d at p. 1128.)

We find *Masters* persuasive. As in *Masters*, the defendant's act was likely to cause harm to all four persons in the vehicle and in fact seriously injured one. Thus, the trial court properly imposed sentences under count I for attempted murder and under count II for shooting into an occupied vehicle.

*V. Imposition of two attempted murder enhancements: Sections 12022.5, subdivision (a) and 12022.7.*

Three attempted murder enhancements were alleged: (1) personal use of a firearm (§ 12022.5, subd. (a)); (2) discharging a firearm at an occupied motor vehicle and causing great bodily injury (§ 12022.5, subd. (b)(1)); and (3) inflicting great bodily injury (§ 12022.7). The jury found each true.

The trial court imposed two of the enhancements: section 12022.5, subdivision (a) (five years) and section 12022.7 (three years).

■ Defendant argues only one enhancement may be imposed. He relies upon section 1170.1, subdivision (e). In pertinent part it provides: "When two or more enhancements under Sections . . . 12022.5 . . . 12022.7 . . . may be imposed for any single offense, only the greatest enhancement shall apply; . . ." But section 1170.1, subdivision (e) provides an exception to its prohibition against multiple enhancement imposition: ". . . however, in cases of . . . attempted . . . murder . . . the court may impose both (1) one enhancement for weapons as provided in either . . . subdivision (a) of, or paragraph (2) of subdivision (b) of, section 12022.5 and (2) one enhancement for great bodily injury as provided in . . . Section 12022.7 . . . ."

By its plain language, the attempted murder exception of section 1170.1, subdivision (e) applies. (*People* v. *Calderon* (1991) 232 Cal.App.3d 930, 938-940 [283 Cal.Rptr. 833].)

A further objection is raised. Prior to oral argument, *we* posed the following question and asked counsel for additional briefing: "Assuming an enhancement for the personal use of a firearm was proper under Penal Code section 12022.5, did the trial court err in enhancing the sentence under Penal Code section 12022.5, *subdivision (a)* instead of Penal Code section 12022.5, subdivision (b)(1)?"

Not surprisingly, defendant answered "yes" (and respondent, "no"). Defendant argues the section 1170.1, subdivision (e) exception is inapplicable

because the word "attempt" modifies only the first listed offense ("lewd . . . acts upon . . . a child under the age of 14 years . . .") not those, such as murder, successively listed. As we have indicated, this argument has been expressly rejected. (*People* v. *Calderon, supra*, 232 Cal.App.3d 930, 938-940.)

Our answer to the posed question is *no*. The three enhancements were properly alleged. Defendant did not demur, move to strike, request prosecutorial election, or otherwise object to any of them. The jury found each true and defendant does not claim any is unsupported by substantial evidence.

The trial court's sentencing discretion with respect to those enhancements is expressly described in section 1170.1, subdivision (e). It had discretion to impose section 12022.5, *subdivision (b)(1)* under the general, introductory portion of the section *and* under the attempted murder exception provision. Had it exercised this discretion a five-year enhancement would have been imposed. *Neither* of the other two enhancements could have been imposed.

It also had discretion to impose section 12022.7 *and* either subdivision *(a)* or *(b)(2)* of section 12022.5.[2] Section 1170.1, subdivision (e), in pertinent part states: ". . . the court may impose *both* (1) one enhancement for weapons as provided in *either . . . subdivision (a) of, or paragraph (2) of subdivision (b) of, Section 12022.5 and* (2) one enhancement for great bodily injury as provided in . . . Section 12022.7 . . ." (Italics added.)

By this unambiguous language the legislature expressed its intent the trial court had discretion to impose two enhancements whose total terms might exceed the single term of "only the greatest enhancement."

The trial court exercised this discretion.

We find nothing in either section 12022.5, subdivision (a) ("Except as provided in subdivisions (b) and (c) . . .) or subdivision (b)(1) ("Notwithstanding subdivision (a) . . .) which suggests a legislative intent to prohibit this sentencing discretion.

We conclude the trial court properly imposed both enhancements.

VI. *The court properly considered the existence of multiple victims a circumstance in aggravation justifying a consecutive sentence on count II.*

■ The defendant asserts the trial court improperly imposed a consecutive sentence as to count II because the court merely stated the aggravation

---

[2]Section 654 would prohibit imposition of both sections 12022.7 and 12022.5, subdivision (b)(1).

outweighed the mitigation. On the record, however, the court makes a reference to the "other victims in the car" being involved in the crime in order to impose the consecutive term as to count II.

Previous decisions have established multiple victims may be considered a circumstance in aggravation. (See e.g., *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92 [151 Cal.Rptr. 511]; *People* v. *Leung* (1992) 5 Cal.App.4th 482, 505 [7 Cal.Rptr.2d 290].) In *Leung*, the court ordered the sentences to run consecutively for multiple counts of robbery, attempted robbery, and false imprisonment perpetrated against several restaurant employees during a single course of action. (5 Cal.App.4th at p. 505.) The court stated the "existence of multiple victims of a group of crimes against individual persons is a factor which makes the group of offenses distinctively worse and therefore justifies the imposition of consecutive terms." (*Ibid.*) Similarly, in the present case, to fire a gun into a moving car with a driver and three passengers makes the crime distinctively dangerous.

In view of the above, the trial court properly considered multiple victims as a circumstance in aggravation and imposed the consecutive sentence.

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., concurred.

**JOHNSON, J.,** Concurring and Dissenting.—I concur in all but part V of the majority opinion. In part V the majority holds it was proper to impose enhancements under both Penal Code section 12022.5, subdivision (a) and Penal Code section 12022.7.[1] (Maj. opn., *ante*, at p. 1738.) I respectfully dissent because the facts of this case do not support the majority's holding. In a case such as this, involving discharge of a firearm at an occupied motor vehicle, section 12022.5, subdivision (a) is not applicable. The applicable section is 12022.5, subdivision (b) (1). Therefore, the trial court's discretionary power, under section 1170.1, subdivision (e), to impose enhancements under both section 12022.5, subdivision (a) and section 12022.7 is irrelevant. I will expand on my understanding of this confabulation of enhancement sections below.

In sentencing defendant on his conviction for attempted murder, the trial court imposed a consecutive five-year enhancement for personal use of a firearm under section 12022.5, subdivision (a). That subdivision provides, in

---

[1] All references are to the Penal Code.

relevant part, "Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for three, four, or five years, . . ." Although the trial court was correct in imposing an enhancement for the personal use of a firearm, the court imposed the enhancement under the wrong subdivision of section 12022.5. As will appear, this error was prejudicial to the defendant.

The trial court should have imposed the firearm enhancement under *subdivision (b) (1)* of section 12022.5. That subdivision provides, in relevant part, *"Notwithstanding subdivision (a),* any person who is convicted of a felony [including] attempted murder, *in which that person discharged a firearm at an occupied motor vehicle which caused great bodily injury or death to the person of another,* shall, upon conviction of that felony or attempted felony, in addition and consecutive to the sentence prescribed for the felony or attempted felony, be punished by an additional term of imprisonment in the state prison for five years." (Italics added.)

Where applicable, an enhancement under subdivision (b) (1) is mandatory: by its terms, subdivision (a) applies "except as provided" in subdivision (b) and subdivision (b), by its terms, applies "notwithstanding subdivision (a)." Subdivision (b) is applicable under the facts of this case because defendant was convicted of attempted murder and the jury found defendant discharged a firearm at an occupied motor vehicle which caused great bodily injury.

The trial court's error was prejudicial because although, as the majority correctly observes, the court could impose enhancements under both sections 12022.5, *subdivision (a)* and 12022.7 (great bodily injury), the court is prohibited from imposing enhancements under both section 12022.5 *subdivision (b) (1)* and section 12022.7.

The Legislature has provided, as a general rule, when enhancements under sections 12022.5 and 12022.7 may be imposed for a single offense, only the greatest enhancement shall apply. (§ 1170.1, subd. (e).) The Legislature has further provided, as an exception to this general rule, that in the case of *attempted murder* the court may impose both an enhancement under *subdivision (a)* of section 12022.5 and an enhancement under section 12022.7. (*Ibid.*) This is the discretion of which the majority speaks. (Maj. opn., *ante,* at p. 1738.) However, the present case does not fall within this exception, even though it involves an attempted murder, because the attempted murder

also involved the defendant's discharging a firearm at an occupied vehicle causing great bodily harm. As I explained above, when this particular set of facts is present, the applicable firearm use enhancement is under *subdivision (b) (1)*, not subdivision (a), of section 12022.5. The exception allowing the imposition of both the firearm use enhancement and the great bodily injury enhancement only applies when the firearm use enhancement is under subdivision (a). Therefore, the exception is not applicable here and it was error to enhance defendant's sentence under both sections 12022.5 and 12022.7.

A petition for a rehearing was denied December 15, 1992, and appellant's petition for review by the Supreme Court was denied March 11, 1993. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.