Filed 7/15/13  P. v. Smith CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>KEVIN BERNARD SMITH,<br><br>　　　Defendant and Appellant. | B242247<br><br>(Los Angeles County<br>Super. Ct. No. BA382776) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Affirmed.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Mark E. Weber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On the night of January 26, 1994, Kevin Bernard Smith entered a home in Studio City, where he shot and killed Rupert Thompson and seriously wounded Dorothy Thompson in their bedroom. Smith then ransacked the house and fled with some jewelry. Smith appeals from a judgment entered following his conviction by a jury on one count of first degree murder and one count of attempted willful, deliberate and premeditated murder. The jury also found true two special circumstances allegations related to the murder count—that Smith had committed the murder while engaged in the commission of a robbery and engaged in the commission of a burglary (former Pen. Code, § 190.2, subds. (a)(17)(i) & (vii)).[1] In addition the jury found true firearm-use enhancement allegations (§ 12022, subd. (a)(1)) as to both counts and a great-bodily-injury enhancement allegation (§ 12022.7, subd. (a)) as to the attempted murder count. Smith contends the imposition of the two enhancements on the attempted murder count was improper. We affirm.

## PROCEDURAL BACKGROUND

The trial court imposed consecutive sentences of life without the possibility of parole on count on count 1, plus five years for the firearm-use enhancement; plus seven years to life on count 2, plus five years for the firearm-use enhancement, plus three years for the great bodily injury enhancement.[2]

## DISCUSSION

When Smith committed the attempted murder of Dorothy Thompson in 1994, former subdivision (e) of section 1170 provided, "When two or more enhancements under Sections . . . 12022.5 . . . 12022.7 . . . may be imposed for any single offense, only the greatest enhancement shall apply. However, in cases of lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear, as

---

[1] Statutory references are to the Penal Code, unless otherwise indicated. Since 1994, subdivisions (a)(17)(A)(i) and (vii) of section 190.2 have been re-designated as subdivisions (a)(17)(A) and (G), without any substantive change.

[2] The People did not seek the death penalty.

2

described in Section 288, kidnapping, as defined in Section 207, sexual battery as defined in Section 243.4, penetration or genital or anal opening by a foreign object, as defined in Section 289, oral copulation, sodomy, robbery, carjacking, rape or burglary, or *attempted* lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear, kidnapping sexual battery, penetration or genital or anal opening by a foreign object, oral copulation, sodomy, robbery, carjacking, rape, *murder* or burglary the court may impose both (1) one enhancement for weapons as provided in . . . Section 12022.5 and (2) one enhancement for great bodily injury as provided in . . . Section 12022.7 . . . ." (Stats. 1993 ch. 611, § 17, pp. 3523, 3525, eff. Oct. 1, 1993, operative Jan. 1, 1994, italics added.)

Smith contends in sentencing him for the attempted murder, the trial court improperly imposed both the section 12022.5, subdivision (a)(1) firearm-use enhancement and the section 12022.7, subdivision (a) great-bodily- injury enhancement, when only the greater (firearm-use) enhancement applied pursuant to the 1994 version of section 1170.1. Smith maintains while murder was one of the enumerated offenses for which both enhancements could be imposed, attempted murder was not among them. Smith is simply wrong.

As acknowledged by the court in *People v. Calderon* (1991) 232 Cal.App.3d 930, 938, 939, the issue turns on "whether the words 'or attempted' conjoin only the phrase immediately following, i.e., 'lewd or lascivious acts upon or with a child under the age of 14 years, accomplished by force or fear' or applies to the list of offenses which follow." The *Calderon* court concluded the only reasonable interpretation of the statute was to read "attempted" as applying to all of the offenses which follow, including "murder." (*Calderon* at p. 939) "[T]he addition of murder as one of the permissible attempt crimes is quite reasonable in light of the allowance for a second enhancement for great bodily injury. While such an enhancement rarely has a place in a murder prosecution, it quite often will in an attempted murder prosecution. [Citation]." (*Ibid;* accord, *People v. Gutierrez* (1992) 10 Cal.App.4th 1729, 1737.) Thus, the trial court properly imposed both enhancements in sentencing Smith for attempted murder.

Although Smith relies, in part, on *People v. Ahmed* (2011) 53 Cal.4th 156, in which the California Supreme Court concluded the current version of section 1170.1 permits the sentencing court to impose both one weapon-use enhancement and one great-bodily-injury enhancement for all offenses, the case is of no assistance to him. (*Id.* at p. 168, interpreting sections (f) and (g) of section 1170.1.) In tracing the legislative history of the statute, the Court noted, "A few years after its original enactment, former subdivision (d) of section 1170.1 became former subdivision (e) of that section. (Stats. 1982, ch. 1551, § 1.5, pp. 6048, 6049.) Over the years, this former subdivision (e) was amended several more times, sometimes in ways irrelevant here, but sometimes to add more crimes for which the trial court could impose both a weapon enhancement and a great-bodily-injury enhancement. (Stats. 1986, ch. 1429, § 1, pp. 5124, 5125–5126 [adding penetration of a genital or anal opening by a foreign object, oral copulation, and sodomy, as well as an attempt to commit those crimes, and *attempted murder*]; Stats. 1988, ch. 1487, § 2, pp. 5272, 5273–5274 [adding lewd or lascivious acts upon or with a child under the age of 14 years accomplished by means of force or fear and kidnapping, as well as an attempt to commit those crimes]; Stats. 1992, ch. 235, § 1, pp. 1029, 1031 [adding sexual battery and attempted sexual battery]; *Stats. 1993, ch. 611, § 17, pp. 3523, 3525* [adding carjacking and attempted carjacking] . . . ." (*People v. Ahmed, supra*, 53 Cal.4th at p.166, italics added.)

## DISPOSITION

The judgment is affirmed. The superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment changing Smith's sentence for attempted willful, deliberate and premeditated murder (count 2) to a life term plus five years for the firearm-use enhancement, plus three years

4

for the great bodily injury enhancement to conform to the trial court's oral pronouncement of judgment.

WOODS, J.

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**