Filed 4/15/16  P. v. White CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067945 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD253581) |
| MARK ALLEN WHITE, JR., | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Emily M. Crowley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alana Butler and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Mark Allen White, Jr., pled guilty to first degree residential burglary (Pen. Code, §§ 459, 460)[1] and two counts of grand theft (§ 487, subd. (a)), along with an admission that he caused losses of over $65,000 (§ 12022.6, subd. (a)(1)). The trial court sentenced White to an aggregate prison term of six years, selecting the upper term sentence on the principal count of residential burglary. More than three months later, at the trial court's invitation, White brought a motion requesting that the trial court recall his sentence and impose a middle or lower term sentence, as he had paid some of the victim restitution that he owed and he was remorseful. The trial court entertained the motion, but denied it, concluding that White was not remorseful and that the upper term sentence was warranted.

White appeals from the sentence arguing (1) the trial court abused its discretion in arbitrarily denying the recall of sentence; (2) the trial court erred in imposing an upper term sentence based, in part, on the "magnitude" of the damage that White caused to his victims, as that factor was also the basis for the one-year enhancement based on the fact that White caused losses of over $65,000 (§ 12022.6, subd. (a)(1)); and (3) defense counsel was ineffective at the sentencing hearing by not submitting certain letters from character witnesses in favor of White. We conclude that White's arguments are without merit, and accordingly we affirm the judgment.

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Between January 2010 and December 2013, White took money from a number of homeowners, representing that he was a foreclosure consultant with expertise in obtaining loan modifications.[2] White required that the victims pay money to him up front to advance the loan modification process, with a guarantee of a refund if he was unsuccessful, but White failed to obtain the loan modifications and did not refund his client's funds. White also victimized several other people during the same time period through schemes other than promises of loan modifications, gaining access to their money by false representations. The probation officer's report states that the claimed total aggregate loss to victims was $139,345.

White was charged with one count of first degree residential burglary (§ 459, 460) (count 1); eight counts of grand theft against several different victims (§ 487, subd. (a)) (counts 2, 9); one count of forgery (§ 470, subd. (b)) (count 10); and one count of identity theft (§ 530.5, subd. (a)) (count 11). The charges involved crimes against nine different victims.

On July 29, 2014, White entered a guilty plea to the first degree residential burglary count (§§ 459, 460) (count 1); and two counts of grand theft (§ 487, subd. (a)) (counts 4, 12); and the remaining counts were dismissed. White further admitted that he

_____

[2] As the conviction in this case was as a result of White's guilty plea, we have necessarily based our summary of the relevant facts on the information in the probation officer's report and the description of White's offenses set forth in certain trial court pleadings.

took or destroyed property in excess of $65,000 (§ 12022.6, subd. (a)). The plea agreement included a stipulated restitution amount of at least $85,750, and a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), under which White agreed that any dismissed charges could be considered when sentence was imposed.

A sentencing hearing was held on October 30, 2014. After several of White's victims spoke about their injuries and asked that White receive a meaningful sentence, defense counsel stated that White was willing to make restitution and represented that White had approximately $10,000, which he wanted to pay in restitution. The sentencing hearing had already been delayed because White had requested time to make restitution payments before the hearing, but no payment occurred prior to the sentencing hearing. Defense counsel stated that White had attempted to bring $10,000 to court, but he could not get it out of the bank.

The trial court imposed the upper term sentence of six years on count 1, and a two-year sentence for each of counts 4 and 12, to run concurrently to count 1, for a total prison term of six years. The trial court explained that it had selected the upper term "because of the magnitude of damage that you did in the case, and the number of victims that were involved."

In imposing sentence, the trial court noted the fact that White continued to "str[i]ng along" the victims, as the court had granted a continuance for White to obtain funds of $10,000 for restitution, but he did not do so. The trial court said that "if there is truly that amount of money, and if there is truly any remorse on your part, then your counsel will schedule this for a further hearing, but today, the court will impose

4

sentence."  Returning to the subject later in the hearing, the trial court stated, "As I indicated, Mr. White, at some point, if you have an epiphany where you want to have remorse and indicate that to the court and set this for some further hearing, your attorney is quite capable of doing that, and I leave it to you."

At the end of the hearing, the prosecutor pointed out that the trial court had not imposed a prison term for the enhancement under section 12022.6, subdivision (a)(1) based on the admission that the loss to all the victims exceeded $65,000.  The trial court stated that is was adding a one-year term for the enhancement, which would run concurrently to the principal six-year term.

The trial court prepared an abstract of judgment that included a clerical error, which incorrectly identified the one-year term for the enhancement being imposed under section 12022.5, subdivision (a)(1), rather than section 12022.6, subdivision (a)(1).[3]  The Department of Corrections and Rehabilitation sent a letter to the trial court on December 12, 2014, pointing out two apparent errors in the abstract of judgment.  First, it pointed out that the reference to section "12022.5(a)(1)" was likely supposed to be a reference to section 12022.6, subdivision (a)(1)), as that was the enhancement referenced in the applicable criminal complaint, and the one-year prison term imposed by the trial court was not consistent with section 12022.5, subdivision (a), which requires a term of three, four or 10 years.  Second, the letter pointed out that the term for the enhancement

[3]    Indeed, the Penal Code does not include a section 12022.5, subdivision (a)(1), but only section 12022.5, subdivision (a).

5

was required to be served *consecutively*, not concurrently, as the trial court had indicated.[4]

The trial court responded to the Department of Corrections and Rehabilitation's letter by issuing an amended abstract of judgment on December 22, 2014, which imposed a consecutive one-year term for the enhancement under section 12022.6, subdivision (a)(1), and which reflected a total prison term of seven years, instead of six years as indicated at sentencing.

On February 5, 2015, White, now represented by *new* defense counsel, filed a motion requesting that the trial court recall the sentence.[5]  Defense counsel quoted the

---

[4]     Section 12022.6, subdivision (a)(1) provides that "[i]f the loss exceeds sixty-five thousand dollars ($65,000), the court, in addition and *consecutive* to the punishment prescribed for the felony or attempted felony of which the defendant has been convicted, shall impose an additional term of one year."  (Italics added.)

[5]     The legal authority for White's motion to recall sentence is not clear.  White cited section 1170, subdivision (d)(1).  That provision allows a *trial court* to recall a sentence, but does not provide for a *defendant* to file his or her own motion to recall sentence. Section 1170, subdivision (d)(1) provides that when a defendant has been sentenced to prison, "the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the Department of Corrections and Rehabilitation] or the Board of Parole Hearings . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."  (*Ibid.*)  "Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence."  (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193 (*Pritchett*).)  We do not consider whether we should dispose of this appeal based on White's lack of standing to file a motion to recall his sentence, as the Attorney General has expressly stated that it will assume for the sake of argument that the trial court "invited [White] to file the motion" through the comments it made during sentencing, and White accordingly "had standing."  (See, e.g., *People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1497 [treating a trial court's recall of a sentence as made pursuant to the court's authority in section 1170, subdivision (d), as "[t]he court's comments make

trial court's statement at sentencing, in which it invited White to schedule a hearing if he actually had the money that he claimed was available to pay restitution and was truly remorseful. Defense counsel argued that the sentence should be recalled because White was planning to make "considerable restitution" at the time of the hearing, and "[h]is remorse has been greatly increased" by the sobering experience of prison. The motion to recall the sentence also attached several letters written by former clients of White in support of his character, describing how White successfully helped them to modify their mortgages.

The trial court held a hearing on the motion to recall the sentence on February 20, 2015, noting at the outset that it had received a $25,000 cashier's check from White to be applied toward victim restitution. Defense counsel argued that in light of White's remorse and payment of restitution, the court should recall the sentence and modify it from an upper-term sentence to a low- or midterm sentence. White made a statement, explaining that he was deeply remorseful and that he wanted to get out of custody sooner rather than later so that he could work on getting the rest of the restitution money back to the victims more quickly and so that he could be with his children.

In ruling on the motion to recall sentence, the trial court recounted the history of White's delay in making restitution to the victims. Among other things, the trial court explained that after the July 29, 2014 guilty plea, the sentencing hearing was set on a date

clear the recall and resentencing was on its own motion, despite the fact [defendant] filed a motion, upon the court's invitation, to reduce the degree of the crime and sentence"].)

7

farther in the future than normal (in October 2014) so that White could pay some of the restitution for some of the harm he caused, but White nevertheless failed to do so. In addition, the trial court recounted that during the sentencing hearing, after a victim testified about how White caused her to incur loss and anguish during a serious illness, White showed no remorse, except for as to how the sentence was going to impact his own life. The trial court then explained that it would not recall and modify the sentence, explaining, "The reason that I chose the upper term of six years is you absolutely deserved it. You deserved it then, you deserve it now."

At the same hearing, the trial court also addressed the sentencing on the section 12022.6, subdivision (a)(1) enhancement, changing the approach that it had taken in the December 22, 2014 amendment to the abstract of judgment, which had imposed a total prison term of seven years.[6] Specifically, the trial court stated that it would impose the one-year enhancement pursuant to section 12022.6, subdivision (a)(1), but it would stay the one-year term, so that White's total sentence remained a six-year prison term. An amended abstract of judgment was filed, reflecting the imposed and stayed one-year term under section 12022.6, subdivision (a)(1).

---

[6] In the opposition to White's motion to recall the sentence, the prosecutor stated that the People opposed the motion to recall the sentence, but that the trial court may need to clarify how it wanted to handle the section 12022.6, subdivision (a)(1) enhancement. The prosecutor stated that although a total sentence of seven years would be appropriate and legally correct, "[i]f the Court intended to cap the custodial time for defendant at [six] years, it has the power to stay the [one-]year punishment for that allegation." As we have explained, the trial court adopted that suggested approach.

8

II.

DISCUSSION

A.      *The Trial Court Did Not Abuse Its Discretion in Declining to Recall the Sentence*

We first consider White's contention that the trial court abused its discretion in deciding not to recall the sentence.[7]  Specifically, White argues that the trial court abused its discretion when considering whether to recall the sentence because it "made no mention of the changed circumstances — the current showing of remorse, the payment of significant restitution," and the character witness letters that were not previously before the court.  White contends that because the trial court did not specifically discuss these new developments in deciding against recalling the sentence, the trial court failed entirely to exercise its discretion in any manner, and failed to consider all of the relevant factors.

White's argument lacks merit.  The decision whether to recall a sentence rests in the discretion of the trial court, and there are no required statutory factors in section 1170, subdivision (d) that the trial court must consider in making that determination.   As with any sentencing decision, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' "  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)  Here, the trial court's comments showed that it

---

7      White argues that the abuse of discretion standard of review applies, relying on the general principle that a trial court's sentencing decisions are reviewed for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  More specifically applicable here, case law reviewing the propriety of a trial court's ruling on whether to recall a sentence applies an abuse of discretion standard of review.  (*Pritchett*, *supra*, 20 Cal.App.4th at p. 195 [concluding that "the trial court abused its discretion when it recalled the sentence for a reason completely unrelated to sentencing"].)

9

considered the evidence before it, but that after doing so, it concluded that a recall of sentence was not warranted. Specifically, at the beginning of the hearing, the trial court noted that it had read all of the moving papers and that it had received a $25,000 cashier's check from White to be paid toward victim restitution. Further, the trial court listened while White made a statement professing remorse for his actions. After duly considering the evidence before it, the trial court explained its decision to deny the recall of sentence, detailing its belief that White was not remorseful but that he regretted his actions only because of how they were going to affect his own life. Making clear that it was considering the *current* information that White had placed before the court, the trial court concluded that "[t]he reason that I chose the upper term of six years is you absolutely deserved it. You deserved it then, *you deserve it now*." (Italics added.)

In sum, the trial court's comments at the hearing show that it considered the evidence before it and that it reached a rational and well-considered decision that the upper term sentence it imposed at the sentencing hearing was still warranted. Accordingly, we find no merit to White's contention that the trial court acted in an arbitrary and irrational manner by denying the motion to recall the sentence.

B.      *White's Argument That the Trial Court Improperly Imposed the Upper Term Based on the Magnitude of Harm to the Victims Is Without Merit*

As we have explained, at the sentencing hearing, the trial court identified two aggravating factors to support its decision to impose the upper term sentence on the burglary count, namely, "the magnitude of damage that you did in the case, and the number of victims that were involved." White argues that by imposing the upper term

10

based on "the magnitude of damage," the trial court was impermissibly making dual use of the fact that supported the one-year enhancement imposed under section 12022.6, subdivision (a)(1), namely that the harm to White's victims exceeded $65,000. As we will explain, we reject White's argument.

"In exercising his or her discretion in selecting one of the three authorized prison terms . . . , the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Cal. Rules of Court, rule 4.420(b).)[8] However, under section 1170, subdivision (b), "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." Further, rule 4.420(c) provides in relevant part: "To comply with section 1170[, subdivision ](b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so."[9]

White has forfeited his argument that the trial court improperly relied on the magnitude of the damage as an aggravating factor because defense counsel did not make that argument during the sentencing hearing. As our Supreme Court has noted, failure to

___

[8]     All further rule references are to the California Rules of Court.

[9]     We note that the one-year enhancement here was imposed and then stayed, but was not stricken. As the enhancement was not stricken, the exception in rule 4.420(c), which permits the dual use of facts for an enhancement and an aggravating factor *if* the trial court strikes the punishment for the enhancement, does not apply here. The Attorney General contends that we should instruct the trial court to amend the sentence to strike rather than stay the enhancement. However, that remedy is not necessary, as we reject White's dual use argument on other grounds.

11

make timely objections to the court's stated reasons for a sentencing choice constitutes a forfeiture of the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351, 353.) This forfeiture rule applies to the specific circumstance presented here, namely defense counsel's failure to object that a trial court has improperly made dual use of a fact at sentencing. (See *id*. at p. 355 [defendant's claim that reasons used for sentencing were "inapplicable, duplicative, and improperly weighed" was forfeited]; *People v. De Soto* (1997) 54 Cal.App.4th 1, 7-8 [improper dual use of facts underlying weapons use to impose the upper term and an enhancement was forfeited by failure to interpose specific objection at sentencing]; *People v. Erdelen* (1996) 46 Cal.App.4th 86, 90-91 [improper dual use of facts to impose upper term waived].)

Moreover, even were we to exercise our discretion to consider the forfeited argument, it fails because White has not established prejudicial error. " 'Improper dual use of the same fact for imposition of both an upper term and a consecutive term or other enhancement does not necessitate resentencing if "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error." ' " (*People v. Osband* (1996) 13 Cal.4th 622, 728.) A single proper aggravating circumstance will support the imposition of an upper term, even where the trial court has also articulated improper factors. (*Ibid*.; *People v. Steele* (2000) 83 Cal.App.4th 212, 226; *People v. Cruz* (1995) 38 Cal.App.4th 427, 433-434; *People v. Gutierrez* (1992) 10 Cal.App.4th 1729, 1735.) Here, as we have explained, the trial court set forth two independent aggravating factors — the magnitude of the damage and the number of victims. As the aggravating factor based on the number of victims was proper and

12

independently supported the trial court's decision to impose the upper term, any error in also citing the magnitude of the damage was harmless.[10] In light of the trial court's independent reliance on the permissible aggravating factor based on the number of White's victims, it is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error.

C.      *White Has Not Established Ineffective Assistance of Counsel*

The motion to recall the sentence attached several letters written by former clients of White in support of his character, describing how White successfully helped them to modify their mortgages. A footnote in the motion to recall, drafted by new defense counsel, stated that although the letters were written before the sentencing hearing "[f]or reasons unknown to current counsel they were never provided to the Probation Officer or this Court." White contends that his original defense counsel was ineffective for failing to submit the letters at the sentencing hearing, and that he would have received a more favorable sentence had they been provided.

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) A defendant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under

---

10      In light of our decision that any error was harmless, we need not and do not consider the Attorney General's argument that the trial court was referring to harm *other than monetary harm* in referring to the magnitude of the damage caused by White.

13

prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *Ledesma*, at pp. 216, 218.) Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*Strickland*, at p. 694.)

Further, as is important here, "[r]eviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions." (*People v. Lucas* (1995) 12 Cal.4th 415, 442; see *People v. Anderson* (2001) 25 Cal.4th 543, 569.)  "In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions."  (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

As we will explain, White's argument fails for two reasons:  (1) he has not established prejudice; and (2) there could have been a sound tactical reason for defense counsel to withhold the letters from the court at sentencing.

White has failed to show that any error by defense counsel resulted in prejudice, as he has not established that the outcome of the sentencing hearing would have been any different had defense counsel presented the letters to the trial court.  Significantly, during the motion to recall sentence, the trial court *did* review the letters and *did* consider White's argument that a shorter sentence was warranted.  Despite receiving and

14

considering the letters, the trial court decided that an upper term sentence *remained* the appropriate sentence. As we have specific information showing how the trial court responded after it had a chance to review the letters, White cannot establish that there is a reasonable probability that the result of the sentencing proceeding would have been different had the trial court received the letters before pronouncing sentence.

Second, as the Attorney General points out, there may have been a sound tactical reason for defense counsel to decide that the letters were not helpful to White. Specifically, each letter was from a client whom White successfully helped to obtain a loan modification. Defense counsel could reasonably have concluded that the letters would have hurt White at sentencing because they would have emphasized that White was a capable loan modification specialist, and that the losses to the victims in this proceeding were the result of White's deliberate decision to defraud the victims instead of White's incompetence or inadvertence.

DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


NARES, Acting P. J.


PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16